

There is just as much—or as little—affinity or community of relevance between the business of horse racing and automobile racing as there is between baseballs and golf bags. One cannot imagine classification of horse racing and automobile racing as a "relevant line of commerce."

I concur, however, with the holding of my brethren that "there was substantial evidence before the Commission susceptible of the inferences validly drawn by it to justify it in finding that Spalding and Rawlings were engaged primarily in the production of athletic goods in the higher priced, higher quality categories, particularly with regard to baseballs, basketballs, footballs and softballs, constituting a separate and distinct line of commerce upon which the merger was to be measured." On this score the record justifies the holding of the Commission that the effect of the acquisition by Spalding of Rawlings "may be substantially to lessen competition, or to tend to create a monopoly" in violation of Section 7 of the Clayton Act.

Ralph P. Rosa, Lewisburg, Pa., for appellant.

Lloyd G. Bates, Jr., Miami, Fla., for appellee.

Before CAMERON and BELL, Circuit Judges and CARSWELL, District Judge.

**Ralph P. ROSA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 19329.

United States Court of Appeals
Fifth Circuit.

April 10, 1962.

PER CURIAM.

Appellant, having received the mandatory minimum sentence for violating the federal narcotics laws, 26 U.S. C.A. §§ 4704(a) and 4705(a), seeks relief collaterally on the ground that he was not explicitly afforded the opportunity under Rule 32(a), Fed.R.Crim.P., 18 U.S.C.A., of making a statement in his own behalf before sentence was imposed. This is "not of itself an error that can be raised by collateral attack, * * *." Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Machibroda v.

United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Nor is there any merit in the additional claim to relief based on the alleged shortcomings of appellant's personally selected and employed trial counsel. Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883.

Affirmed.

**John Wesley JOHNSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16898.**

United States Court of Appeals
Eighth Circuit.

April 26, 1962.

David M. Grant, St. Louis, Mo., for appellant and James A. Bell, St. Louis, Mo., on the brief.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee and D. Jeff Lance, U. S. Atty., St. Louis, Mo., on the brief.

Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.

DEVITT, District Judge.

This appellant, convicted in 1961 by his pleas of guilty to narcotics law violations, and now serving prison terms totalling 20 years, appeals from the denial of his motion for the vacation of the prison sentences.

Defendant appeared in the United States District Court at St. Louis, Missouri, on three occasions in 1961, twice before Judge Moore, and once before the late Judge Weber. On each occasion he was represented by counsel of his own choosing, Mr. James A. Bell.

On January 5, 1961 the defendant pled not guilty to two counts of an indictment (No. 60 Criminal 263(1)), charging unlawful transportation of narcotics and unlawful possession of narcotics. Trial was set for February 20, 1961, and defendant was released on bail.

On February 20, 1961, defendant again appeared in court and was charged in a second indictment (61 Criminal 17(1)) of two counts with unlawful receipt and concealment of heroin, and with unlawful sale of narcotics. These offenses allegedly took place on January 20, 1961 during the time defendant was free on