**Ralph P. ROSA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24579.**

United States Court of Appeals
Fifth Circuit.

June 26, 1968.

Bruce R. Jacob, Atlanta, Ga., for appellant.

Michael J. Osman, William A. Daniel, Jr., Asst. U. S. Attys., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

AINSWORTH, Circuit Judge:

Ralph P. Rosa, appellant, was convicted by a jury on three counts of an indictment charging violations of 18 U.S.

C. § 371 and 26 U.S.C. §§ 4704(a) and 4705(a), relative to the purchase and sale of cocaine hydrochloride, a narcotic drug. He was sentenced on January 26, 1960 to five years' imprisonment on each count to run concurrently. No direct appeal was taken from the judgment and conviction. The present pro se petition is for "a writ of error coram nobis" which was denied by the district court on January 6, 1967, without a response being required or a hearing being held, the court stating that it had examined the records and found no response or hearing necessary because petitioner would be entitled to no relief even if all of his allegations were taken as true.

Rosa has been before us before with previous petitions in connection with this conviction. On August 24, 1960, he filed a pro se pleading entitled "Motion to Vacate Sentence and Dismiss Indictment" in the district court in which he was convicted, and contended that he had been entrapped by Government agents into committing the crime for which he was convicted; therefore, that his conviction and sentence should be vacated and set aside. The district judge who had presided at Rosa's trial denied the motion on September 16, 1960 without requiring a response or holding an evidentiary hearing. Rosa moved to appeal from this ruling in forma pauperis but the district judge certified absence of good faith and denied the request. We denied the petition for leave to appeal in forma pauperis by our order dated January 23, 1961.

On June 15, 1961, Rosa filed a pro se pleading entitled "Petition for a Writ of Mandamus and/or Motion to Show Cause" in which he alleged that his sentence was illegal because, among other things, his counsel did not properly represent him, for, though petitioner had

instructed him to prepare and file a notice of appeal, he did not do so. The district judge denied this petition by order of August 10, 1961 without a hearing because the allegations in the petition "present no grounds for relief." We affirmed the ruling by order issued May 8, 1962. See 301 F.2d 630.

On August 2, 1963, Rosa was released on parole but within a month, on September 1, 1963, he was arrested again, this time on another narcotics offense relating to marihuana, in violation of 26 U.S.C. § 4742(a). In October 1963 he was convicted and sentenced in the same court to a term of 10 years, which was not the maximum for a second offender but greater than the minimum for a first offender. See 26 U.S.C. § 7237(a).

Though not represented by counsel in the lower court in connection with the present petition, he is now represented before us by counsel from the Emory University School of Law, Legal Assistance for Inmates Program. In this petition Rosa is attacking the January 26, 1960 sentence on which we are informed by his counsel that 18 months remain to be served and that the remaining portion of this sentence will not commence to run until the expiration of his present 10-year sentence.[1] We are asked to consider the petition either as one seeking coram nobis or Section 2255 relief (28 U.S.C. § 2255).

In a post-argument letter of appellant's counsel to the court, pursuant to our direction at oral argument, appellant's contentions are summarized as follows:

It is the position of appellant that he suffered or is suffering the following disabilities or disadvantages due to the fact that 18 months of the 1960 sentence claimed to be invalid remain to be served at the expiration of his present sentence:

---

1. According to the Warden of the United States Penitentiary at Lewisburg, although Rosa was released on parole on August 2, 1963, he was liable to federal supervision until July 29, 1964. His sub-

sequent conviction in October 1963 constituted a violation of his mandatory release conditions and the United States Board of Parole has filed a detainer charging the mandatory release violation.

1. The fact that appellant had been previously convicted, in 1960, was taken into account by the trial court in the process of determining the length of his present sentence, and, as a result, Rosa's present sentence is unfair. Rosa's present sentence of 10 years is greater than the minimum penalty which could have been imposed for a first-time or a second-time narcotics or marihuana offender.

2. As a practical matter, it is virtually impossible for appellant to obtain a "minimum custody" classification at any federal prison, due to the fact that 18 months of a previous sentence are scheduled to begin running at the expiration of his present sentence.

3. Because he is unable to obtain a minimum custody classification, he is not entitled to live in certain preferred prison living quarters, such as dormitories, which are available to inmates who are able to obtain such classification.

4. Because he is unable to obtain a minimum custody classification, he is not entitled to work in certain preferred prison jobs and work details which allow prisoners to work outside prison walls.

5. Appellant is denied certain "good-time" or "gain-time" credits which he would be able to accumulate except for the fact that he is denied a minimum custody classification.

6. Due to his classification, appellant is not eligible to participate in the "work-release" program, in which some inmates are allowed to work for pay for employers outside prison walls.

7. Due to his classification, appellant is ineligible to transfer to certain preferred minimum custody institutions in the federal correctional system, such as the "Eglin" institution in Florida.

Rosa avers in the present petition that he was entrapped into committing the 1960 crime by two federal narcotics agents, Eugene Marshall and Charles Sanchez; that Marshall repeatedly, over Rosa's refusals, asked him to find a supplier of narcotics in return for which he would obtain marihuana for Rosa, who used that drug. As a result, Rosa put Agent Sanchez in contact with a supplier, resulting in his arrest and subsequent conviction on the testimony, Rosa contends, principally of Agent Marshall. Petitioner avers that Marshall's testimony was false and that he was entrapped for the sole purpose of creating a conviction for the record so that this federal agent might protect and shield those actually involved in the narcotic traffic in return for bribes paid to him. Marshall was subsequently convicted in 1965 of unfaithfulness to his trust as a federal narcotics agent and sentenced in the same district court to a term of 14½ years, which he is now serving.

In connection with the averment that appellant's retained counsel did not appeal his 1960 conviction as directed by his client, Rosa has now furnished on the present appeal an affidavit of this attorney, Michael F. Zarowny, that it is his recollection that "Rosa did not have enough money to pay all of my fee for representing him during the trial of his case, and I thus knew or had reason to believe that he did not have sufficient funds for taking an appeal." His counsel further averred that he had no recollection of the trial judge advising Rosa of his right to appeal or that he, as counsel, had advised his client of his right to take an appeal, but he believes he did not discuss this possibility with him for the reason that he had insufficient funds. Another affidavit by an Atlanta inmate, Robert Fowler, avers that he was a prosecution witness against Marshall in the 1965 conviction for taking protection payments or bribes from narcotics sellers and that he had made payments to Marshall for such protection; also, that Agent Sanchez had made a request of him for protection money or bribes in connection with narcotics activities, but no such payments were ever made to Sanchez.

Rosa also submitted his own affidavit in which he averred that the trial judge did not advise him that he had the right to appeal or that court-appointed counsel

would be provided if he was unable to pay for an attorney; that his attorney, Zarowny, did not at any time advise him of his right to appeal or the right to have court-appointed counsel.

■ The first question we must dispose of is whether or not relief can be accorded appellant who is not now serving the sentence on which 18 months still remain, but who is actually serving his second sentence of 10 years. Thus it is obvious that vacating the 1960 sentence would not entitle appellant to his immediate release. But appellant contends that he has been and is being deprived of certain substantial rights and privileges because of the existence of the first conviction which he seeks to vacate and set aside. If he can substantiate the facts alleged in his petition, he would be entitled to relief now. He, therefore, has the right to attack the first conviction now, though he is in fact serving time under the second conviction which he is not attacking. We recently held in James v. United States, 5 Cir., 1968, 388 F.2d 453, "Where the circumstances require it, relief can be granted under 28 U.S.C. § 2255, other than immediate release from confinement." See also to the same effect the later Supreme Court decision in Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215 (1968), which held that a prisoner could attack the first of two consecutive sentences in a federal habeas proceeding even though he would still be confined under the second sentence if he succeeded. Rosa is accordingly entitled to prompt and plenary adjudication of his claims even though the remaining months of his first sentence are scheduled to be served in the future and following the completion of the term under his second sentence. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

Rosa has never had an evidentiary hearing to establish any of the facts which he has alleged in his petition. Such an evidentiary hearing would receive all evidence of the facts surrounding the alleged failure of his counsel to take an appeal or of the trial court to advise him of his right to appeal and right to counsel on appeal. See Baker v. Wainwright, 5 Cir., 1968, 391 F.2d 248; Dodd v. United States, 9 Cir., 1963, 321 F.2d 240; Doyle v. United States, 9 Cir., 1966, 366 F.2d 394. It would also provide an opportunity to prove the new facts surrounding the alleged entrapment by Federal Narcotics Agent Marshall who, Rosa contends, entrapped him in order to establish a record of convictions as a narcotics agent, and thereby make it possible to provide protection to narcotics suppliers in the Miami area for which he received bribe payments. We assume that appellant would also show what, if any, rights and privileges he is denied at the Federal Penitentiary because of the existence of the first conviction.

■ Such an evidentiary hearing must, therefore, be held and the present petition should be treated as one under 28 U.S.C. § 2255, which provides a broad remedy if there are sufficient facts and evidence to support the allegations of appellant. If appellant sustains his burden of proof relative to having been improperly denied an appeal of the 1960 conviction and we now accord him a delayed appeal, as was done in Boruff v. United States, 5 Cir., 1962, 310 F.2d 918, we would not reach all of the allegations which he has made in the present petition. The unfaithfulness of Marshall was not detected until 1965, but it is alleged to be related directly to the 1960 alleged entrapment. If appellant can prove that his conviction in 1960 was brought about by the perjured testimony of Federal Narcotics Agent Marshall, he would be entitled to vacation of the sentence in that case. A delayed appeal would not be enough under these circumstances for appellant must be given a full opportunity to prove, if he can, that Marshall's unfaithfulness led to perjured testimony against appellant and that he was convicted pursuant to a well-thought-out entrapment. We

intimate no opinion as to the results of such a hearing, but if the allegations which Rosa has made can be sustained, they would entitle him to appropriate judicial relief.

In our view the record in the 1960 conviction should be part of the record in this evidentiary hearing. Should it be necessary again to review the trial judge's decision, we would have the opportunity to review that record as by delayed appeal, as well as review the evidence taken at the new hearing, especially as to the circumstances of Marshall's subsequently discovered infidelity and appellant's claim of entrapment.

Vacated and remanded for an evidentiary hearing.