**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome ATILUS, Defendant-Appellant.**

No. 27957

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 12, 1970.

———◆———

Peter L. Nimkoff, Miami, Fla., for appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., for appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Jerome Atilus was convicted in 1964 for illegally possessing and transporting marihuana in violation of 26 U.S. C.A. §§ 4744(a) and 4742(a). His appeal from that conviction was delayed, and as a result the propriety of this 1964 conviction is now before us for the first time on direct appeal.[1]

It appears that through no fault of the defendant a transcript of the trial proceedings is no longer available. Under these circumstances this court has no choice but to reverse the conviction. The Supreme Court has made it clear beyond question that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where, as here, counsel on appeal was not counsel at the trial. Hardy v. United States, 1963, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331. Since no transcript is here available, the conviction must be reversed. Further, since

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part. I.

Atilus has already completely served the sentence imposed as a result of the conviction, a retrial would be pointless.

The judgment of the court below is reversed and the cause is remanded for the entry of appropriate orders to expunge the records of this conviction.

Reversed and remanded.