**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph Pineda ROSA, Defendant-
Appellant.**

No. 29457.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1970.

Samuel S. Forman, Miami, Fla., court-
appointed, for defendant-appellant; Ralph
Pineda Rosa, pro se.

Robert W. Rust, U. S. Atty., Miami,
Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief
Judge, DYER * and INGRAHAM, Circuit
Judges.

PER CURIAM:

In a return bout before this Court Appellant Rosa contends that his 1960 three count conviction[1] for the purchase and sale of a narcotic drug must be reversed because (i) a transcript of the proceedings in the Trial Court was unavailable at the time that he was preparing his appeal, and because (ii) the Trial Court erred in failing to conduct an evidentiary hearing as ordered by the previous mandate of this Court.[2]

Appellant's first ground of error falls squarely within the rule announced in Hardy v. United States, 1963, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331, and United States v. Atilus, 5 Cir., 1970, 425 F.2d 816, which requires a criminal conviction to be reversed if there is no transcript of the Trial Court proceedings available for the Defendant's use when he is preparing his appeal. Accordingly Appellant's 1960 conviction for the purchase and sale of a narcotic drug is reversed. Since the sentence imposed has already been completed, "a retrial would be pointless". 425 F.2d at 817. Therefore the case "is remanded for the entry of appropriate orders to expunge the records of [the 1960] conviction." 425 F.2d at 817. Under these circumstances we find it unnecessary to reach the merits of Appellant's second complaint.

I.  Background

In 1960 Rosa received concurrent sentences of 5 years on each of the counts in his three count indictment and conviction. The same year he began filing pro se pleadings in which he steadfastly

---

* Judge Dyer did not participate in the decision or opinion.

1. Rosa was convicted on a three count indictment charging him with violating 18 U.S.C.A. § 371, 26 U.S.C.A. § 4704(a), and 26 U.S.C.A. § 4705(a), all of which relate to the purchase and sale of Cocaine Hydrochloride, a narcotic drug.

2. See Rosa v. United States, 5 Cir., 1968, 397 F.2d 401. Relief there was granted under 28 U.S.C.A. § 2255.

maintained that (i) he was entrapped by Eugene Marshall, then the Chief Federal Narcotics Agent in Miami, Florida, and that (ii) Marshall, the Government's star witness at Appellant's trial, perjured himself in order to get Appellant convicted. After completing three and one-half years of his 1960 concurrent sentences Rosa was released. Approximately one month after his release he was arrested, convicted, and sentenced to a ten-year term on another narcotics offense.[3] In 1965, about 5 years after Rosa had commenced his pro se accusations against Marshall, the Agent was convicted of unfaithfulness to his trust as a federal narcotics agent and he was sentenced to a prison term of 14 and one-half years.[4]

At the present time, Rosa has already served 6 and one-half years of his second conviction, and presumably he is presently eligible for mandatory release benefits.[5] He contends that he had suffered disabilities and disadvantages during his second sentence because of the first conviction.[6] Rosa claims that "a reversal of his first conviction would greatly affect the restrictions he is currently on [and that] if the first conviction is reversed he will be able to have the sentence on the second conviction reduced."

## II.   Lack of Transcript

As a consequence of our earlier opinion [7] the District Court held an evidentiary hearing. It found that "through the fault of no one" the testimony at trial was never recorded and that the court reporter's notes are unavailable. Appellant, represented in this proceeding by a *new* court-appointed counsel, submits that his appeal "cannot be properly perfected without the transcript" that was developed in the Trial Court. In United States v. Atilus, *supra,* this Court unmistakably held that the absence of a trial transcript would be fatal to the Government's case on appeal.

"Jerome Atilus was convicted in 1964 for illegally possessing and transporting marihuana in violation of 26 U.S.C.A. §§ 4744(a) and 4742(a). His appeal from that conviction was delayed, and as a result the propriety of this 1964 conviction is now before us for the first time on direct appeal.

It appears that through no fault of the defendant a transcript of the trial proceedings is no longer available. Under these circumstances this court has no choice but to reverse the conviction. The Supreme Court has made it clear beyond question that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where, as here, counsel on appeal was not counsel at the trial. Hardy v. United States, 1963, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331. Since no transcript is here available, the conviction must be reversed. Further, since Atilus has already completely served the sentence imposed

3.  This time Rosa was convicted of violating 26 U.S.C.A. § 4742(a), a narcotics offense relating to marihuana. He received a 10-year sentence which, although not the maximum sentence that a second offender may receive, is still greater than the minimum sentence that can be given to a first offender. See 26 U.S.C.A. § 7237(a). This bears directly on Rosa's persistent contentions since 1960 that he was illegally convicted on the three count indictment, and that the second arrest and conviction was, in fact, really his first legal conviction as a narcotics violator.

4.  See Marshall v. United States, 5 Cir., 1968, 384 F.2d 624.

5.  See 18 U.S.C.A. § 4163.

6.  For instance, he claims that in his second conviction, which involved marihuana, he received the ten-year sentence only because he was a second offender and that the District Judge, the arresting Narcotics Agent, and the Parole Officer all advised him that he would have received a five-year sentence but for his prior conviction. Also, though presently on a mandatory release program, he is restricted in travel to an area within the Southern District of Florida, he must make monthly reports to a probation officer until 1973, and he must comply with standard probation requirements.

7.  *Supra,* n. 2.

as a result of the conviction, a retrial would be pointless.

The judgment of the court below is reversed and the cause is remanded for the entry of appropriate orders to expunge the records of this conviction."

425 F.2d at 816–817.

 Actually the Government does not challenge this. First, it did not even file a brief in response. It merely informed the Clerk of this Court by letter that it did not intend to file a brief in the case because "[t]he appellant has completed serving the sentence which is the subject of his appeal and we, therefore, feel that the appeal is moot. We do not, however, contest the argument nor the law cited in the appellant's brief." Second, and more significant, in answering a Court-directed inquiry, the Government, by supplemental, subsequent letter made it clearer by stating "[i]t does not contest the arguments and law in the * * * case [and] interposes no objection to the relief sought by the Appellant." While ostensibly a concession of error, the Government gave up nothing. It did, however, impose unnecessary burdens on the judicial structure of the Fifth Circuit.[8]

We hold that *Hardy* and *Atilus* leave no room for doubt. Accordingly, Rosa is entitled to the relief he seeks.

### III. Evidentiary Hearing

In our previous order, Rosa v. United States, 5 Cir., 1968, 397 F.2d 401, we said:

"Rosa has never had an evidentiary hearing to establish any of the facts which he has alleged in his petition. Such an evidentiary hearing would receive all evidence of the facts surrounding the alleged failure of his counsel to take an appeal or of the trial court to advise him of his right to appeal and right to counsel on appeal. See Baker v. Wainwright, 5 Cir.,

1968, 391 F.2d 248; Dodd v. United States, 9 Cir., 1963, 321 F.2d 240; Doyle v. United States, 9 Cir., 1966, 366 F.2d 394. It would also provide an opportunity to prove the new facts surrounding the alleged entrapment by Federal Narcotics Agent Marshall who, Rosa contends, entrapped him in order to establish a record of convictions as a narcotics agent, and thereby make it possible to provide protection to narcotics suppliers in the Miami area for which he received bribe payments. We assume that appellant would also show what, if any, rights and privileges he is denied at the Federal Penitentiary because of the existence of the first conviction."

397 F.2d at 404.

Whatever the deficiencies of this hearing it is unnecessary to pursue the point further, because we vacate Appellant's conviction on the lack of a trial transcript.

Reversed and remanded.

---

8. It should have at least filed a memorandum brief in which it explicitly stated its position on the legal points involved, and on the relief requested by Appellant.

See Rules 28, 31, 34 F.R.Crim.P. The Court should not have had to make inquiry why nothing had been filed, or no position had been taken.