**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Henry SELVA, Defendant-Appellant.**

No. 76–1612.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1977.

Theodore Klein, Mitchell R. Bloomberg, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Donald L. Ferguson, Nathaniel H. Speights, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

The appellant Selva was convicted of conspiracy to use false documents in transporting stolen cars in foreign commerce under 18 U.S.C. §§ 1001 & 2312 (1970). One of his arguments on appeal is that he is prejudiced in that his new, retained appellate counsel does not have a transcript of the closing arguments at trial. Although no specific error of any kind is alleged to have occurred during the nonrelated proceedings, Selva alleges that this violation of the Court Reporter Act necessitates our reversal of his conviction and the ordering of a new trial.[1]

At oral argument it was discovered that no hearing had ever been held at which the trial judge had been asked to supplement the record. While retaining jurisdiction in this case, we, on our own initiative pursuant to Federal Rule of Appellate Procedure 10(e),[2] remand this case to the district court to conduct an appropriate hearing at the earliest convenient date for the purpose of supplementing the record, if possible, to disclose what transpired during the closing arguments at trial. In his attempt to reconstruct the record, the district judge may use his notes, the reporter's notes, and, of course, the testimony of witnesses, including the appellant's trial attorney. *See United States v. Perkins*, 162 U.S.App.D.C. 321, 498 F.2d 1054 (1974). If the district court is able to compose a supplement of the record consisting of a substantially verbatim account of the proceedings, it shall certify and transmit to this court an order to that effect along with the hearing transcript and the reconstructed transcript of closing arguments. Copies should also be delivered to both parties and a period of twenty (20) days from the date of the order will be allowed for additional briefing, if either party deems it necessary.

If the district court is unable to supplement the omission from the record by providing this court with a substantially verbatim account of the proceedings, the district

1. The Act states in relevant part,
   One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augmented by electronic sound recording . . . (1) all proceedings in criminal cases had in open court. . . . 28 U.S.C. § 753(b) (1970).

2. Fed.R.App.P. 10(e) states,
   If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to ,the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

court shall have the authority to grant a new trial if he deems it to be in the interests of justice.[3] Whether or not a new trial is granted, the district court shall transmit a copy of its order with appropriate findings to this court forthwith.

REMANDED.

**3.** *See Brown v. United States,* 314 F.2d 293, 295 (9th Cir. 1963). *See also United States v. Sigal,* 341 F.2d 837 (3d Cir.), *cert. denied,* 382 U.S. 811, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); *Calhoun v. United States,* 384 F.2d 180, 184 (5th Cir. 1967), where we stated, "Failure to transcribe the entire court proceedings in violation of the statutory requirement is not reversible error per se. Therefore, where no claim is made that there is an error in the omitted portions of the record, failure to transcribe such portions is not prejudicial as to require reversal." *See* generally *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); *United States v. Gregory,* 472 F.2d 484 (5th Cir. 1975); *United States v. Upshaw,* 448 F.2d 1218 (5th Cir. 1971), *cert. denied,* 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972); *United States v. Garcia-Bonifascio,* 443 F.2d 914 (5th Cir. 1971); *United States v. Rosa,* 434 F.2d 964 (5th Cir. 1970); *United States v. Atilus,* 425 F.2d 816 (5th Cir. 1970); *United States v. Workcuff,* 137 U.S.App.D.C. 263, 422 F.2d 700 (1970).