**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin PRECIADO–CORDOBAS, Carlos Escobar–Escobar, Luis Miguel Ariza–Sierra, Mario Alberto Guzman–Angarita, Defendants–Appellants.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis Miguel ARIZA–SIERRA, Martin Preciado Cordobas, and Carlos Escobar, Defendants–Appellants.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario Alberto GUZMAN–ANGARITA, Defendant–Appellant.**

**Nos. 88–5276, 89–5134 and 89–5138.**

United States Court of Appeals, Eleventh Circuit.

Feb. 1, 1991.

Milton Hirsch, Hal Kessler, Miami, Fla., for defendants-appellants.

Dexter W. Lehtinen, U.S. Atty., Phillip DiRosa, Linda C. Hertz, Mayra R. Lichter, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, FAY,

Circuit Judge, and HOFFMAN *, Senior District Judge.

PER CURIAM:

The appellants were convicted of possession with intent to distribute at least 1000 kilograms of marijuana aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a) (1988) and 18 U.S.C. App. § 2 (1988), and conspiracy to commit the substantive act above, in violation of 46 U.S.C. App. § 1903(j). As one ground for reversal, appellants cite a violation of the Court Reporter's Act: [1] at trial, the court reporter failed to record counsels' closing arguments. Consequently, their new, court-appointed appellate counsel cannot determine whether reversible error occurred during that phase of the trial. They contend that this violation of the Act requires us to reverse their convictions and order a new trial, pursuant to *United States v. Selva,* 559 F.2d 1303 (5th Cir.1977) (*Selva II*).[2]

In *Selva II,* we held that when a substantial and significant portion of the record is missing and the appellant is represented on appeal by counsel not involved at trial, the appellant's right to appeal is rendered illusory and we must remand the case for a new trial. *Selva II,* 559 F.2d at 1305–06. The holding in *Selva II,* however, was premised on the district court's inability to reconstruct the record. Indeed, in *United States v. Selva,* 546 F.2d 1173 (5th Cir.

1977) (*Selva I*), we, while retaining jurisdiction over the appeal, remanded the case on our own initiative, pursuant to Federal Rule of Appellate Procedure 10(e),[3] so that the district court could "conduct an appropriate hearing ... for the purpose of supplementing the record, if possible, to disclose what transpired during the closing arguments at trial." *Selva I,* 546 F.2d at 1174. It was only after the district court conducted such a hearing and concluded that it was not possible to reconstruct a substantially verbatim account of the final arguments and that a new trial was not needed to further the interests of justice that we decided *Selva II. Selva II,* 559 F.2d at 1305.

In the present case, as in *Selva I,* no hearing has ever been held at which the district court has been asked to supplement the record as to the closing arguments. We then must follow the procedure mandated by *Selva I.* Therefore,

> [w]hile retaining jurisdiction in this case, we, on our own initiative pursuant to Federal Rule of Appellate Procedure 10(e), remand this case to the district court to conduct an appropriate hearing at the earliest convenient date for the purpose of supplementing the record, if possible, to disclose what transpired during the closing arguments at trial. In his attempt to reconstruct the record, the district judge may use his notes, the

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

**1.** The Act states, in relevant part:
Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge.... Proceedings to be recorded under this section include (1) all proceedings in criminal cases had in open court....
28 U.S.C. § 753(b) (1988).

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**3.** Fed R.App.P. 10(e) states:
If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

[court] reporter's notes, and, of course, the testimony of witnesses, including the appellant[s'] trial attorney[s].

*Selva I*, 546 F.2d at 1174 (footnote omitted). After the district court has conducted such a hearing, it shall transmit forthwith to this court a transcript of the hearing and its order reconstructing the record or explaining why the same cannot be done.

REMANDED.