The appellant, Leo Lewis Green, Jr., was convicted of sexual abuse in the first degree, a violation of § 13A-6-66, Ala. Code 1975. He was sentenced to a term of 10 years' imprisonment. The trial court suspended the sentence, placing the appellant on supervised probation for a period of 5 years.
The sole issue raised on appeal is whether the trial court's "failure to transcribe substantial and significant portions of the proceedings including pretrial evidentiary hearings, portions of testimony, objections to the prosecution's closing argument, sentencing hearing and motion for new trial constitutes error per se where appellant is represented by new counsel on appeal." Specifically, the appellant refers to the court reporter's failure to (1) transcribe the sentencing hearing, (2) the closing argument, where the appellant objected to remarks made by the prosector, and (3) a hearing that occurred "several months" *Page 439 
before the trial. Additionally, the transcript, although certified by the court reporter as complete, is missing several pages. Although this Court has ordered the trial court to supplement the record, the trial court has informed the Court that it is unable to produce a complete transcript. The appellant argues that the trial court's failure to produce an accurate and complete record on appeal constitutes reversible error, and that he is entitled to a new trial.
The State contends that the appellant has made no effort to supplement the record and is, therefore, not entitled to relief. However, a review of the record indicates that the appellant has made a proper attempt to obtain a complete and accurate record of the proceedings.
After the record, certified as complete by the court reporter, was filed with this Court on May 25, 2000, the appellant filed a motion in the trial court to supplement the record pursuant to Rule 10(g), Ala.R.App.P., alleging that several material portions of the proceedings were missing from the record, including the voir dire proceedings, pretrial hearings, and the sentencing hearing. The trial court granted the motion and a supplemental record, containing only the voir dire proceedings, was submitted to this Court on July 13, 2000. The appellant then filed a notice with this Court that despite the supplemental record, the record on appeal was still incomplete. On July 31, 2000, this Court issued an order remanding the cause to the trial court for that court to determine whether transcripts of the omitted portions of the record could be provided and staying the appellant's briefing time. On September 21, 2000, this Court set aside that remand order because the trial court had not complied with the order and it appeared that it was unlikely that the transcripts requested by the appellant could be prepared within a reasonable time. This Court ordered the appellant to file his brief and encouraged him to submit an argument as to why the omitted portions of the record would entitle him to a new trial. The appellant complied and submitted his brief on October 23, 2000. On December 8, 2000, this Court received a copy of an order from the trial court purportedly complying with our first remand order. In that order, the trial court found that the transcripts requested by the appellant were not available and that the appellant was entitled to a new trial. However, because jurisdiction of the cause had been returned to this Court by our order on September 21 rescinding the remand order, the trial court's order granting the appellant had no effect, and this Court issued an order to that effect on December 14, 2000.
As support for his claim that he is entitled to a new trial, the appellant relies on Ex parte Godbolt, 546 So.2d 991 (Ala. 1987). InGodbolt, as in the instant case, appellate counsel was not the same counsel who had represented the appellant at trial.
 "`When, as here, a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal. The wisdom of this rule is apparent. When a defendant is represented on appeal by the same attorney who defended him at trial, the court may properly require counsel to articulate the prejudice that may have resulted from the failure to record a portion of the proceedings. Indeed, counsel's obligation to the court alone would seem to compel him to initiate such disclosure. The attorney, having been present at trial, should be expected to be aware of any errors or improprieties *Page 440 
which may have occurred during the portion of the proceedings not recorded. But when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice. To be sure, there may be some instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings. Often, however, even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded. In such a case, to require new counsel to establish the irregularities that may have taken place would render illusory an appellant's right to notice plain errors or defects, and render merely technical his right to an appeal.
 "`We do not advocate a mechanistic approach to situations involving the absence of a complete transcript of the trial proceedings. We must, however, be able to conclude affirmatively that no substantial rights of the appellant have been adversely affected by the omissions of the transcript. When . . . a substantial and significant portion of the record is missing, and the appellant is represented on appeal by counsel not involved at trial, such a conclusion is foreclosed. . .'"
Godbolt, 546 So.2d at 997 (Citations omitted.) (Quoting with approvalUnited States v. Selva, 559 F.2d 1303, 1305-06 (5th Cir. 1977).)
In the present case, substantial portions of the trial record have been omitted. The record does not include the sentencing hearing, nor does it contain the hearing involving the trustworthiness of the witnesses alluded to during trial. Further, pages are missing from both the transcript of the pretrial hearing held on March 29, 1999, and the trial transcript. After a careful and extensive review of the record, this Court cannot conclude that the appellant has not been prejudiced by the missing portions of the record. Given the trial court's finding that the omitted portions of the record entitled the appellant to a new trial, the appellant's vigorous attempts to obtain a complete record on appeal, and the nature of the proceedings missing from the record, reversal is required under the unique circumstances of this case. Accordingly, the appellant's conviction is reversed, and this case is remanded to the Hale Circuit Court for a new trial.
REVERSED AND REMANDED.
Cobb, Baschab, Shaw, and Wise, JJ., concur.