WELCH, Judge.
 

 Carl Donnell Moore was convicted of trafficking in a controlled substance, a violation of § 13A-12-231(2), Ala.Code 1975, and was convicted of distributing a controlled substance, having sold a controlled substance within a three-mile radius of a school and a housing project, violations of §§ 13A-12-211, 13A-12-250, and 13A-12-270, Ala.Code 1975. However, after remand by this Court, the trial court set aside Moore’s trafficking conviction. For Moore’s conviction based on the sale of a controlled substance within a three-mile radius of a school and housing project, the trial court sentenced Moore to 30 years’ imprisonment. The trial court ordered Moore to pay an assessment of $2,000 in accordance with the Drug Demand Reduction Act, an assessment of $100 to the Forensic Trust Fund, and an assessment of $50 to the Crime Victims Compensation Fund. Moore filed an untimely motion for a new trial with this Court. This appeal followed.
 

 The record reflects that Moore was represented at trial by Michael J. Upton, and that, on October 6, 2009, at sentencing, Moore filed his oral notice of appeal. On that date, the trial court allowed Upton to withdraw as counsel and appointed James E. Gentry to serve as Moore’s counsel on appeal. On November 18, 2009, the court reporter filed a notice with the trial court that she would be unable to produce a transcript of Moore’s trial because the electronic file containing the trial transcript was corrupted. Although the record does contain a transcript of Moore’s sentencing proceeding and copies of motions and paper filings with the trial court, the record does not contain a transcript of the trial proceedings.
 

 On December 15, 2009, the trial court conducted a hearing on this matter with Upton and Gentry and appointed Upton to
 
 *297
 
 serve as Moore’s appellate counsel in addition to Gentry; however, only Gentry signed as counsel of record in Moore’s brief on appeal with this Court. Further, only Gentry requests attorney fees for serving as appellate counsel.
 

 On January 15,' 2010, Moore filed an untimely motion for a new trial with this Court, in which he argued that he is entitled to a new trial because the court reporter’s stenograph machine malfunctioned and a trial transcript would not be available for appeal. On February 16, 2010, this Court remanded the case and ordered that the trial court comply with Rule 10(d), Ala. R.App. P., and prepare a statement of the evidence presented at trial.
 

 On July 12, 2010, the trial court submitted the following order on return to remand:
 

 “The Court has conducted several hearings in an effort to obtain an agreed statement as the record on Appeal pursuant to Rule 10(e) of the Alabama Rules of Appellate Procedure. As noted by the submissions of the parties, an agreed statement could not be achieved. Consequently, the Court makes this return on remand to the Alabama Court of Criminal Appeals as follows:
 

 “1. [Moore] was convicted of Sale of a Controlled Substance within a 3 mile radius of a school and within a 3 mile radius of a public housing project under Count III of the Indictment.... “2. After reviewing the (1) State’s Submission of Proposed Reconstruction of Transcript which was filed by the State on April 6, 2010, and is attached to this order, (2) the Defense Counsel’s Summary/reconstruction of the available trial transcript and [Moore’s] objection filed on March 12, 2010, and reaffirmed on May 27, 2010, which are attached to this order, (3) the exhibits admitted into evidence which consisted of 16 exhibits including photographs, a scale, finger print report, audio cassette and video cassette, (4) the limited notes which the Court could locate after a lengthy search, (5) this Court’s recollection of the trial testimony and (6) the Court file, the Court adopts the State’s submission of proposed Reconstruction of Transcript which is attached to this order as the Record on Appeal with the following additions:
 

 “a. The Court instructed the Jury that the crime of Possession of Controlled Substance can be jointly committed and guilt of an accused does not depend on ownership of the controlled substance.
 

 “b. The defense noted in its Summary/Reconstruction of the unavailable Trial Transcript concerning Jury Instruction that this Court instructed the Jury on two additional factors not listed in
 
 Ex parte J.C.,
 
 882 So.2d 274 (Ala.2003). The two additional factors which the Court instructed the Jury were (1) Evidence of previous use and (2) evidence that showed the Defendant’s proximity to the contraband.
 

 “3. With the additions noted above, the Court finds that there is a sufficient transcript presented for Appellate Review on the Appeal of the Sale of Cocaine conviction under Count III of the Indictment. The Court notes that in [Moore’s] submission, there are no criticisms directed to the sale case which involved the purchase of cocaine by the confidential informant, ... who was wearing an audio transmission device.
 

 “4. The Court finds that the transcript adopted by the Court as to the Trafficking in Cocaine conviction un
 
 *298
 
 der Count IV of the Indictment is insufficient because it lacks detail regarding the evidence and arguments on the Motion to Suppress the Cocaine seized from the residence of [S.N.] and also the surrounding circumstances regarding the Constructive Possession of Cocaine, which formed the basis of the trafficking charge. For these reasons, this Court finds that [Moore] is entitled to a new trial on the Trafficking Charge contained in Count IV of the indictment. Accordingly the Trafficking conviction, is set aside for lack of a trial transcript.”
 

 (Return to Remand 1-3.)
 

 On appeal, Moore argues that he is entitled to a new trial because the trial transcript, in its entirety, is unavailable for his appeal. Specifically, Moore argues that he was not represented on appeal by his trial counsel and that the reconstructed record is “wholly inadequate” for the purposes of his appeal. (Moore’s brief, at 6.) In addition, Moore argues that the trial court was without jurisdiction to appoint Upton to serve as appellate counsel on December 15, 2009, because more than 30 days had expired since Moore filed his notice of appeal on October 6, 2009. The State appears to concede that the trial court’s appointment of Upton as appellate counsel was void. (State’s brief, at 11.) However, the State argues that Upton “participated” in Moore’s appeal and that this fact should weigh against Moore in his argument that he should receive a new trial. (State’s brief, at 10.)
 

 Initially, we note that the trial court was without jurisdiction to appoint Upton to serve as Moore’s appellate counsel because Moore did not file a post-judgment motion in the trial court extending the trial court’s jurisdiction.
 
 See Ex parte Walker,
 
 652 So.2d 198, 199 (Ala.1994) (holding that “a trial court ordinarily has no jurisdiction over a case after an appeal has been taken”; however, the trial court retains jurisdiction to rule on a timely filed motion for a new trial); Rule 24.1(b), Ala. R.Crim. P. (“A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced. After a denial of a motion for a new trial, the previously filed notice of appeal shall be deemed to have been filed as of the date of the denial of the motion and shall' include an appeal from the denial of the motion.”); Rule 4(b)(1), Ala. RApp. P. Thus, prior to Upton’s being appointed as appellate counsel, the circuit court lost jurisdiction over Moore’s conviction and sentence and jurisdiction vested in this Court.
 
 See Williams v. State,
 
 982 So.2d 615, 617 (Ala.Crim.App.2007) (“The general rule is that jurisdiction of one case cannot be in two courts at the same time.” [ (citations and quotations omitted) ]).
 

 Therefore, for the purposes of this appeal, Moore was represented on appeal solely by Gentry.
 

 The Alabama Supreme Court stated in
 
 Ex parte Godbolt,
 
 546 So.2d 991 (Ala.1987), that
 

 “[t]he Fifth Circuit Court of Appeals recognized in these cases that there are times when reversible error should be presumed when a court reporter fails to comply with the Court Reporter Act, 28 U.S.C.A. § 753(b), by omitting some portion of the trial proceedings. However, that court has not chosen to adopt a per se rule requiring reversal for any and all omissions.
 
 Error is presumed only if the defendant is represented on appeal by counsel other than the attorney at trial.
 
 The Fifth Circuit rule is well expressed in
 
 United States v. Selva,
 
 559 F.2d 1303 (5th Cir.1977):
 

 “ “While both the [Court Reporter Act] and
 
 [Hardy v. United States,
 
 375
 
 *299
 
 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) ] insure to a defendant the right to a complete record on appeal, there has been considerable litigation in this court over the effect of a failure to comply with the Act. Two rules have evolved. The first holds that failure to comply with the Act is not error per se and will not work a reversal absent a specific showing of prejudice — i.e., appellant must show that failure to record and preserve the specific portion of the trial proceedings visits a hardship upon him and prejudices his appeal.
 
 United States v. Alfonso,
 
 552 F.2d 605 (5th Cir.1977);
 
 United States v. Long,
 
 419 F.2d 91 (5th Cir.1969);
 
 Addison v. United States,
 
 317 F.2d 808 (5th Cir.1963);
 
 Strauss v. United States,
 
 311 F.2d 926 (5th Cir.1963). The government urges upon us this body of law as controlling our decision here. We disagree. An examination of the second body of case law reveals that a different rule obtains in cases involving new counsel on appeal. When, as here, a criminal defendant is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate reversal. See
 
 United States v. Gregory,
 
 472 F.2d 484 (5th Cir.1973) (dicta);
 
 United States v. Garcia-Bonifascio,
 
 443 F.2d 914 (5th Cir.1971);
 
 United States v. Rosa,
 
 434 F.2d 964 (5th Cir.1970);
 
 United States v. Atilus,
 
 425 F.2d 816 (5th Cir.1970);
 
 Stephens v. United States,
 
 289 F.2d 308 (5th Cir.1961). The wisdom of this rule is apparent. When a defendant is represented on appeal by the same attorney who defended him at trial, the court may properly require counsel to articulate the prejudice that may have resulted from the failure to record a portion of the proceedings. Indeed, counsel’s obligation to the court alone would seem to compel him to initiate such disclosure. The attorney, having been present at trial, should be expected to be aware of any errors or improprieties which may have occurred during the portion of the proceedings not recorded. But when a defendant is represented on appeal by counsel not involved at trial, counsel cannot reasonably be expected to show specific prejudice. To be sure, there may be some instances where it can readily be determined from the balance of the record whether an error has been made during the untranscribed portion of the proceedings. Often, however, even the most careful consideration of the available transcript will not permit us to discern whether reversible error occurred while the proceedings were not being recorded. In such a case, to require new counsel to establish the irregularities that may have taken place would render illusory an appellant’s right to notice plain errors or defects,
 
 Hardy,
 
 375 U.S. at 280, 84 S.Ct. 424, and render merely technical his right to appeal.’ ”
 

 546 So.2d at 996-97 (emphasis added).
 

 Further, in
 
 Green v. State,
 
 796 So.2d 438 (Ala.Crim.App.2001), the court reporter failed to transcribe the sentencing hearing, a closing argument in which the defendant objected to remarks made by the prosecutor, and a post-trial hearing. In
 
 Green,
 
 appellate counsel was not the same counsel who had represented the appellant at trial, and pursuant to
 
 Godbolt,
 
 this Court remanded Green’s case to the trial court for a new trial. In
 
 Green,
 
 this Court stated:
 

 “In the present case, substantial portions of the trial record have been omit
 
 *300
 
 ted. The record does not include the sentencing hearing, nor does it contain the hearing involving the trustworthiness of the witnesses alluded to during trial. Further, pages are missing from both the transcript of the pretrial hearing held on March 29, 1999, and the trial transcript. After a careful and extensive review of the record, this Court cannot conclude that the appellant has not been prejudiced by the missing portions of the record. Given the trial court’s finding that the omitted portions of the record entitled the appellant to a new trial, the appellant’s vigorous attempts to obtain a complete record on appeal, and the nature of the proceedings missing from the record, reversal is required under the unique circumstances of this case. Accordingly, the appellant’s conviction is reversed, and this case is remanded to the Hale Circuit Court for a new trial.”
 

 Green v. State,
 
 796 So.2d 438, 440 (Ala.Crim.App.2001).
 

 Here, Moore was not represented at trial and on appeal by the same counsel. Though the State argues that Upton “participated” in Moore’s appeal, it is unclear from the record what assistance, if any, Upton provided Moore’s appellate counsel. As stated previously, the brief filed with this Court was submitted by Gentry, who is the only attorney requesting payment as appellate counsel. Further, the transcript of the trial is wholly unavailable as the result of a technical malfunction. Although it is well settled that it “is the appellant’s duty to provide this court with a complete record on appeal,”
 
 Gamble v. State,
 
 791 So.2d 409, 418 (Ala.Crim.App.2000), no further effort on Moore’s part could possibly produce a trial record. Moreover, the trial court found on return to remand that the parties could not agree upon a statement of facts pursuant to Rule 10(d), Ala. R.App. P. Finally, without a trial transcript, we cannot determine if Moore has or has not suffered prejudice. Therefore, reversal is required under the unique circumstances of this case. Accordingly, Moore’s conviction for distribution of a controlled substance is reversed, and this case is remanded to the Tuscaloosa Circuit Court for a new trial.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.