ON RETURN TO REMAND

TAYLOR, Presiding Judge.
The appellant, Dan Jones, appealed the revocation of his probation. We remanded this ease so that the trial court could make a *773 written statement of the reasons for revoking the appellant’s probation and the evidence upon which it relied, in compliance with Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Jones v. State, 671 So.2d 770 (Ala.Cr.App.1995).
The trial court has complied with our directions and has filed the following order:
“Upon consideration of the evidence presented by the State at the Defendant’s probation revocation hearing, that the Defendant’s apartment was searched pursuant to a lawful warrant, that at the time of the search crack cocaine and over $2,000.00 in cash and Food Stamps were found, that the Defendant was present in his apartment at the time of the search and that after being Mirandized, the Defendant admitted that the crack cocaine was his, the Court finds that the Defendant, Dan Jones, did unlawfully possess crack cocaine. The Court revokes the Defendant’s probation based upon its finding that the Defendant, while on probation, unlawfully possessed crack cocaine.”
The trial court’s order complies with Mor-rissey and Gagnon. The revocation of appellant’s probation is due to be affirmed.
AFFIRMED.
All the Judges concur.