TAYLOR, Presiding Judge.
The appellant, Randy Hughes, appeals the revocation of his probation. In 1995, the appellant was convicted of receiving stolen property and was placed on probation. Probation revocation proceedings were commenced when the appellant failed to report to his probation officer on several occasions. After a hearing was held the appellant’s probation was revoked. This appeal followed.
The appellant’s only contention on appeal is that the trial court failed to comply with Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in that it did not make a written statement as to the evidence relied on and the reasons for revoking the appellant’s probation. Although this contention was not first presented to the trial court, this court will address this issue. See Ex parte Helton, 578 So.2d 1379 (Ala.1990).
The record reflects that the court, when revoking the appellant’s probation, issued a standard probation revocation order, and the court filed in the blanks. The underlined portions of the order recited below are the portions of the order that were handwritten by the judge.
“The Court receives evidence of the following alleged probation violations from the sources listed: James Bramer — victim; Mike Petty[Decatur Police Department] investigator; passing forged stolen checks. “Probationer denies, or pleads not guilty to, the following probation violations: forging stolen checks and passing same to James Henry Bramer.
“Based upon the evidence received by the Court, the Court:
“is ‘reasonably satisfied’ that the probationer did violate the terms of his probation in the following manner: forging checks stolen from another.”
According to Morrissey and Gagnon, a probationer is entitled to: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. Gagnon.
An example of an order that complies with Morrissey and Gagnon reads as follows:
“Upon consideration of the evidence presented by the State at the Defendant’s probation revocation hearing, that the Defendant’s apartment was searched pursuant to a lawful warrant, that at the time of the search crack cocaine and over $2,000.00 in cash and Food Stamps were found, that the Defendant was .present in his apartment at the time of the search and that after being Mirandized, the Defendant admitted that the crack cocaine was his, the Court finds that the Defendant, Dan Jones, did unlawfully possess crack cocaine. The Court revokes the Defendant’s probation based upon its finding that the Defendant, while on probation, unlawfully possessed crack cocaine.”
*195 Jones v. State, 671 So.2d 772, 773 (Ala.Cr.App.1995).
This case is remanded to the Circuit Court for Morgan County so that that court can comply with the requirements of Morrissey and Gagnon. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur, except LONG, J., who dissents with Opinion and MeMILLAN, J., who joins in that dissent.