The appellant, George Harris, appeals from an order revoking his probation. In August 1997, Harris pleaded guilty to, and was convicted of, theft of property in the second degree, a violation of § 13A-8-4, Ala. Code 1975. He was sentenced to 15 years' imprisonment; that sentence was suspended, and he was ordered to serve 2 years' probation.
In June 1999, the state filed a motion to revoke Harris's probation on the ground that Harris had been charged with robbery in the first degree. The trial court issued its revocation order on August 2, 1999.
Harris contends that his due process rights were violated because, he claims, the trial court did not conduct a hearing on the motion to revoke his probation. Additionally, he argues that the revocation order was inadequate and that the evidence was insufficient to establish that he violated the terms of his probation.
Rule 27.6(a), Ala.R.Crim.P., states: "A hearing to determine whether probation shall be revoked shall be held before the sentencing court within a reasonable time *Page 357 
after the probationer's initial appearance under Rule 27.5."
Rule 27.5(b), Ala.R.Crim.P., states, in pertinent part:
 "The probationer may waive the probation hearing under Rule 27.6(a) and the judge of the sentencing court may make a final disposition of the issue, if
 "(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and
 "(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation."
While the case action summary indicates that Harris's probation revocation hearing was set for August 2, 1999, the record does not contain a transcript of the hearing conducted on the motion to revoke Harris's probation.[1] Additionally, the entries in the case action summary do not indicate that a hearing was conducted. Furthermore, we are unable to determine from the record whether Harris waived a hearing and admitted that he violated the terms of his probation, in accordance with Rule 27.5(b), Ala.R.Crim.P.
Because there is no transcript of the probation revocation hearing or findings of fact regarding the hearing or the waiver of a hearing by Harris in the trial court's order, we remand this case to the trial court with directions that the court make findings of fact on the record with regard to the probation revocation hearing. In the event that such a hearing was not conducted, we order the trial court to conduct a hearing pursuant to Rule 27.6, Ala.R.Crim.P.
Moreover, the trial court's written order stating its reasons for revoking Harris's probation and stating the evidence it relied upon in doing so did not satisfy the requirements of due process mandated by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756,36 L.Ed.2d 656 (1973).
Rule 27.6(f), Ala.R.Crim.P., states: "The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation."
In its order revoking Harris's probation, the trial court stated: "Probation revoked. Sentence put into effect. Credit for time served." (C.R. 1.) Because the order did not state for the record the evidence relied upon and the reasons for revoking probation, the trial court's order did not satisfy the requirements of due process.[2]
We note that the record does not contain a transcript of the hearing indicating that Harris moved for a judgment of acquittal challenging the sufficiency of the evidence or that he made a post-revocation motion challenging the sufficiency of the evidence; therefore, Harris's contention that the evidence was insufficient to revoke his probation is not preserved for our review. Rivers v. State, 689 So.2d 990 (Ala.Cr.App. 1996).
Thus, in addition to remanding this case for the trial court to make findings of fact on the record with regard to the probation revocation hearing proceedings, we remand this case to the trial court with directions that that court produce a written order of the evidence relied upon *Page 358 
and its reason for revoking the appellant's probation. A copy of the trial court's order shall be returned to this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
[1] We note that Harris signed a waiver stating that he would not require, on appeal, a transcript of the probation revocation proceedings. (C. 28.)
[2] For examples of orders satisfying the due process requirements of Gagnon, see Hughes v. State, 695 So.2d 193
(Ala.Cr.App. 1996), and Harrelson v. State, 651 So.2d 1151
(Ala.Cr.App. 1994).