The appellant, Norman Whitlock, appeals from the circuit court's order revoking his probation. On April 18, 2001, Whitlock pleaded guilty to one count of first-degree assault. The circuit court sentenced Whitlock to 15 years' imprisonment; however, the court suspended that sentence, and pursuant to § 15-18-8, Ala. Code 1975, sentenced Whitlock to time served followed by 5 years of supervised probation.
On March 21, 2003, Probation Officer Larry White filed a delinquency report on Whitlock, recommending that his probation be revoked. However, on April 7, 2003, the State withdrew its motion to revoke probation, and Whitlock continued on probation. Although not included in the record, the State apparently filed another motion to revoke Whitlock's probation; a July 30, 2004, entry on the case action summary reflects that the circuit court appointed counsel to represent Whitlock and rescheduled a probation-revocation hearing for August 20, 2004. The entry further noted: "Defendant taken into custody — No bond." (C. 4.)
On August 20, 2004, the circuit court revoked Whitlock's probation. The following entry appeared on the case action summary:
 "Defendant confessed motion to revoke probation. Defendant split to serve 18 months. After completion of sentence, balance of 3 years to be placed back on probation. Defendant to be given credit for 0 time per HYT [Judge Herman Y. Thomas] for time spent in jail. Defendant's attorney Yazdi Habib in court. Assistant D.A. Barbie Francez in Court."
(C. 5.) In a letter addressed to the "District Attorney for Judge H. Thomas's Court Room," Whitlock asked that the court reconsider revoking his probation.[1] (Supp.Record, C. 8.) The case action summary reflects no ruling on this request. On September 20, 2004, Whitlock filed a notice of appeal.
Whitlock's trial counsel was granted leave to withdraw on September 27, 2004. On October 6, 2004, this Court appointed *Page 1149 
new counsel to represent Whitlock on appeal. On October 12, 2004, appellate counsel ordered a transcript of Whitlock's revocation hearing. However, the record reflects that because Whitlock admitted that he had violated the terms of his probation, the court reporter did not record the hearing; thus, no transcript was available. (Second Supp. Record, C. 6.)
Whitlock raises a number of issues on appeal. Several of those issues concern the adequacy of the notice Whitlock received regarding his alleged violations and the probation-revocation proceedings conducted by the circuit court.
Rule 27.6(a), Ala.R.Crim.P., states: "A hearing to determine whether probation shall be revoked shall be held before the sentencing court within a reasonable time after the probationer's initial appearance under Rule 27.5."
Rule 27.5(b), Ala.R.Crim.P., states, in pertinent part:
 "The probationer may waive the probation hearing under Rule 27.6(a) and the judge of the sentencing court may make a final disposition of the issue, if
 "(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and
 "(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation."
Rule 27.6(c), Ala.R.Crim.P., states:
 "Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
 "(1) The nature of the violation to which an admission is offered;
 "(2) The right under [Rule 27.6] section (b) to be represented by counsel;
 "(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under [Rule 27.6] subsection (d)(1); and
 "(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
 "The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission."
While the case action summary indicates that Whitlock's probation-revocation hearing was set for August 20, 2004, the record does not contain a transcript of the hearing conducted on the motion to revoke Whitlock's probation. Additionally, the entries on the case action summary do not indicate that a hearing was conducted in accordance with Rule 27.6, Ala.R.Crim.P. We are likewise unable to determine from the record whether Whitlock waived a hearing and admitted that he had violated the terms of his probation, in accordance with Rule 27.5(b), Ala.R.Crim.P.
Because there is no transcript of the probation-revocation hearing or findings of fact regarding the hearing or a waiver of a hearing by Whitlock in the circuit court's order, this Court cannot fulfill its duty to review the correctness of the circuit *Page 1150 
court's actions. Therefore, we must remand this case for the circuit court to make findings of fact on the record with regard to whether Whitlock waived his right to a probation-revocation hearing. See Harris v. State, 781 So.2d 356, 357 (Ala.Crim.App. 2000); Phillips v. State, 755 So.2d 63, 65-66 (Ala.Crim.App. 1999). If the circuit court determines that the requirements of Rule 27.5(b) were not met, the court is directed to reinstitute probation-revocation proceedings, giving Whitlock sufficient prior notice of the charges against him and the evidence the State is relying on. A new revocation hearing should then be conducted, and that hearing should be properly recorded and transcribed for this Court's review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R.Crim.P., and Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975).
Whitlock also contends that the circuit court erred when it failed to credit him with the time he spent in jail waiting for the revocation hearing.
The record indicates that the circuit court did not give Whitlock credit for any time he spent in custody before his probation was revoked, although it appears from the record that Whitlock had been incarcerated from July 30, 2004, the date he was initially brought before the court and a revocation hearing was set. Although this claim was not raised below, no objection was necessary in order for this Court to review this claim. SeeMumpfield v. State, 872 So.2d 205 (Ala.Crim.App. 2003).
Section 15-22-54(d)(3), Ala. Code 1975, provides, in pertinent part, that "[i]f revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation." See also Mumpfield v. State, 872 So.2d at 208. Thus, the circuit court erred when it failed to credit Whitlock with the time he spent in jail awaiting the August 20, 2004, revocation hearing.
Therefore, we remand this case for the circuit court to make written findings of fact regarding whether Whitlock waived his right to a probation-revocation hearing. The circuit court shall also credit Whitlock with any time he spent in custody before his probation was revoked, in accordance with § 15-22-54(d)(3), Ala. Code 1975. The circuit court shall take all action necessary to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. The return to remand shall include the court's written findings of fact, a transcript of any hearings conducted on remand, and any other filings necessary to the determination of the issues in this case.
REMANDED WITH DIRECTIONS.*
BASCHAB, J., concurs. McMILLAN, P.J., concurs in the result. SHAW, J., dissents, with opinion, which COBB, J., joins.
[1] This letter appears to be the "Motion to Reconsider filed by the Defendant" docketed on the case action summary sheet. (Supp.Record, C. 5.)
* Note from the reporter of decisions: On August 19, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 9, 2005, that court denied rehearing, without opinion.