On October 12, 2004, the appellant, Wendy Brekle Lee, pled guilty to fraudulent use of a credit card. The trial court sentenced her to serve a term of two years in prison, but suspended the sentence and placed her on supervised probation for two years. It appears that, on October 21, 2004, the appellant was arrested for violating the terms and conditions of her probation. On October 27, 2004, it appears that the circuit court conducted an initial revocation hearing. In an order entered on November 8, 2004, the circuit court reinstated the appellant's probation; ordered her to complete the Alethia Women's Program; and indicated that it would revoke the appellant's probation if she did not comply with all of the program's requirements. On January 12, 2005, the appellant was arrested for violating the terms and conditions of her probation. On January 13, 2005, the circuit court revoked her probation because she had not completed the Alethia Women's Program. This appeal followed.
The appellant argues that the circuit court erroneously revoked her probation without first conducting a hearing. The record indicates that the appellant was arrested for violating the terms and conditions of her probation on January 12, 2005, and the circuit court revoked her probation the following day. On the "Reporter's Transcript Order," appellate counsel indicated that there would not be a court reporter's transcript. Also, the record on appeal includes a statement from the court reporter stating that there was not any "testimony taken in said revocation proceedings and no transcript to be filed." However, the circuit court's preprinted written revocation order includes a portion that states: "Upon consideration of the evidence presented by the State at the defendant's probation revocation hearing. . . ." (C.R. 11.) Also, the record includes a letter from the circuit clerk that states:
 "This letter is to inform you that we are waiting for the appeal costs for the transcript to be paid from the attorney of record. Attached is a copy of the cost bill that I mailed 02/24/2005."
Based on the record before us, it is not clear whether the circuit court actually conducted a revocation hearing before it revoked the appellant's probation. Also, the record does not indicate whether the appellant waived her right to a revocation hearing.
We addressed a similar situation in Whitlock v.State, 923 So.2d 1147, 1149-50 (Ala.Crim.App. 2005), as follows:
 "Rule 27.6(a), Ala. R.Crim. P., states: `A hearing to determine whether probation shall be revoked shall be held before the sentencing court within a reasonable time after the probationer's initial appearance under Rule 27.5.'
 "Rule 27.5(b), Ala. R.Crim. P., states, in pertinent part:
 "`The probationer may waive the probation hearing under Rule 27.6(a) and the judge of the sentencing court may make a final disposition of the issue, if
 "`(1) The probationer has been given sufficient prior notice of the charges and sufficient notice of the evidence to be relied upon; and *Page 553 
 "`(2) The probationer admits, under the requirements of Rule 27.6(c), that he committed the alleged violation.'
 "Rule 27.6(c), Ala. R.Crim. P., states: "
 `Before accepting an admission by a probationer that the probationer has violated a condition or regulation of probation or an instruction issued by the probation officer, the court shall address the probationer personally and shall determine that the probationer understands the following:
 "`(1) The nature of the violation to which an admission is offered;
 "`(2) The right under [Rule 27.6] section (b) to be represented by counsel;
 "`(3) The right to testify and to present witnesses and other evidence on probationer's own behalf and to cross-examine adverse witnesses under [Rule 27.6] subsection (d)(1); and "
 `(4) That, if the alleged violation involves a criminal offense for which the probationer has not yet been tried, the probationer may still be tried for that offense, and although the probationer may not be required to testify, that any statement made by the probationer at the present proceeding may be used against the probationer at a subsequent proceeding or trial.
 "`The court shall also determine that the probationer waives these rights, that the admission is voluntary and not the result of force, threats, coercion, or promises, and that there is a factual basis for the admission.'
 "While the case action summary indicates that Whitlock's probation-revocation hearing was set for August 20, 2004, the record does not contain a transcript of the hearing conducted on the motion to revoke Whitlock's probation. Additionally, the entries on the case action summary do not indicate that a hearing was conducted in accordance with Rule 27.6, Ala. R.Crim. P. We are likewise unable to determine from the record whether Whitlock waived a hearing and admitted that he had violated the terms of his probation, in accordance with Rule 27.5(b), Ala. R.Crim. P.
 "Because there is no transcript of the probation-revocation hearing or findings of fact regarding the hearing or a waiver of a hearing by Whitlock in the circuit court's order, this Court cannot fulfill its duty to review the correctness of the circuit court's actions. Therefore, we must remand this case for the circuit court to make findings of fact on the record with regard to whether Whitlock waived his right to a probation-revocation hearing. See Harris v. State, 781 So.2d 356, 357
(Ala.Crim.App. 2000); Phillips v. State, 755 So.2d 63, 65-66 (Ala.Crim.App. 1999). If the circuit court determines that the requirements of Rule 27.5(b) were not met, the court is directed to reinstitute probation-revocation proceedings, giving Whitlock sufficient prior notice of the charges against him and the evidence the State is relying on. A new revocation hearing should then be conducted, and that hearing should be properly recorded and transcribed for this Court's review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R.Crim. P., and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975)."
Accordingly, we remand this ease to the circuit court with instructions that that court make specific, written findings of fact regarding whether it conducted a revocation hearing before it revoked the appellant's probation or whether the appellant *Page 554 
waived her right to a revocation hearing.
If the circuit court conducted a revocation hearing that was transcribed, or if the appellant waived her right to a hearing, the circuit court shall make specific, written findings of fact regarding whether the appellant received notice of the terms and conditions of probation which she was charged with violating and whether she was advised of her right to request counsel to represent her during the revocation proceedings.
If the circuit court did not conduct a revocation hearing, if the appellant did not waive her right to a probation revocation hearing, or if the circuit court conducted a revocation hearing and that hearing was not transcribed, the circuit court shall set aside the revocation order and conduct a revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (1975); McCoov. State, 921 So.2d 450 (Ala. 2005); and Rule 27, Ala. R.Crim. P.
The circuit court shall take all action necessary to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact; a transcript, if any, of hearings conducted before it revoked the appellant's probation; a transcript of any hearings conducted on remand; and any other filings that are necessary to the determination of the issues in this case.[1]
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.
[1] At this time, we pretermit discussion of the remaining arguments the appellant raises in her brief to this court.
* Note from the reporter of decisions: On June 15, 2005, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.