BASCHAB, Presiding Judge.
 

 On January 24, 2005, the appellant, Mar-wan Mickens, pled guilty to first-degree theft of property. The trial court sentenced him to serve a term of two years in prison, but suspended the sentence and ordered him to serve five years on probation. In 2007, revocation proceedings were initiated. After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
 

 The appellant argues that the circuit court erroneously accepted his admission that he violated the terms of his probation because it did not determine whether he waived his rights pursuant to Rule 27.6(c), Ala. R.Crim. P.; did not determine that he made the admission voluntarily and that it was not the result of force, threats, or coercion; and did not determine whether there was a factual basis for the admission.
 
 [1]
 
 The record does not include a transcript of the revocation hearing. In fact, the court reporter verified that she “did not report, nor transcribe, any matters pertaining to a probation revocation on ... CC-04-1530.70.” Also, the circuit court’s written revocation order does not include any facts regarding the voluntariness of the appellant’s admission. Therefore, we cannot properly review the appellant’s claims. Accordingly, we reverse the circuit court’s judgment revoking the appellant’s probation and remand this case for the circuit court to conduct a new revocation hearing.
 
 See Fleming v. State,
 
 972 So.2d 835 (Ala.2007);
 
 Lee v. State,
 
 936 So.2d 551 (Ala.Crim.App.2005);
 
 Whitlock v. State,
 
 923 So.2d 1147 (Ala.Crim.App.2005). In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973);
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);
 
 McCoo v. State,
 
 921 So.2d 450 (Ala.2005);
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P.
 

 REVERSED AND REMANDED.
 

 McMILLAN, SHAW, WISE, and WELCH, JJ., concur.
 

 [1]
 

 . To the extent the appellant may argue that the circuit court did not conduct a revocation hearing, the record refutes his argument. The case-action-summary sheet clearly indicates that the circuit court conducted a revocation hearing.