On October 24, 2003, the appellant, Bobby Williams, Jr., pled guilty to one count of first-degree robbery and one count of second-degree assault. The trial court sentenced him to serve concurrent terms of twenty years in prison on the first-degree robbery conviction and ten years in prison on the second-degree assault conviction. It then split the sentences and ordered him to serve three years followed by three years on supervised probation. On January 2, 2006, the appellant's probation officer filed an "Officer's Report on Delinquent Probationer." After conducting a hearing, the circuit court revoked the appellant's probation. This appeal followed.
 I.
The appellant argues that "[t]he lack of a colloquy and/or transcript indicating that [he] knowingly `confessed' the violation of the terms of his probation demands a remand for further findings." (Appellant's brief at p. 3.) The case action summary sheet indicates that, on February 16, 2007, the circuit court conducted a hearing, the appellant confessed revocation, and the circuit court revoked the appellant's probation. However, the record on appeal does not include a transcript of the revocation hearing. The appellant filed a motion to supplement the record on appeal with a transcript of the revocation hearing, but the circuit court denied the motion. In its order denying the motion to supplement, the circuit court stated:
 "This matter having been presented on the Motion to Supplement the Record filed by the Defendant/Appellant on March 15, 2007, and it appearing that no colloquy was done between the Court and the Defendant at the time of the revocation and thus there being no transcript, it is ORDERED, ADJUDGED, and DECREED that the Motion is due to be, and hereby is DENIED."
In this case, the revocation hearing was not transcribed. Also, the written revocation order does not include any facts regarding the voluntariness of the appellant's admission. Therefore, we cannot properly review the appellant's claim regarding the voluntariness of his admission. Accordingly, we must reverse the circuit *Page 617 
court's judgment revoking the appellant's probation and remand this case for the circuit court to conduct a new revocation hearing. See Fleming v. State, 972 So.2d 835
(Ala. 2007); Lee v. State, 936 So.2d 551
(Ala.Crim.App. 2005); Whitlock v. State, 923 So.2d 1147
(Ala.Crim.App. 2005).
 II.
We also note that the record indicates that the circuit court revoked the appellant's probation on February 16, 2007; that the appellant filed his written notice of appeal on March 1, 2007; that the record on appeal was filed in this court on March 6, 2007; that the appellant filed a "Motion To Reconsider or in the Alternative, Motion for New Trial" on March 8, 2007; that the appellant filed a motion to supplement the record on appeal on March 12, 2007; that the circuit court denied the appellant's motion to reconsider and motion to supplement the record on appeal on March 21, 2007; and that, at some point, the appellant filed another motion to reconsider. After conducting a hearing on April 27, 2007, the circuit court granted the appellant's motion to reconsider; set aside the February 16, 2007, order revoking the appellant's probation; and set the case for a new revocation hearing on May 4, 2007. On May 4, 2007, the circuit court conducted a new revocation hearing and reset the case for disposition.
At the time the circuit court granted the motion to reconsider, the appellant's appeal was pending in this court.
 "`The general rule is that jurisdiction of one case cannot be in two courts at the same time.' Ex parte Hargett, 772 So.2d 481, 483
(Ala.Crim.App. 1999) (citing McKinney v. State, 549 So.2d 166 (Ala.Crim.App. 1989))."
Rogers v. State, 782 So.2d 847, 848
(Ala.Crim.App. 2000). Because this court had jurisdiction over the appellant's case, the circuit court did not have jurisdiction to grant the appellant's later motion to reconsider. Therefore, the circuit court's order granting the motion to reconsider and all subsequent proceedings conducted by that court were void.
For the above-stated reasons, we reverse the circuit court's judgment and remand this case for that court to set aside the revocation order of February 16, 2007; to set aside its April 27, 2007, order purporting to grant the appellant's motion to reconsider and any proceedings conducted pursuant thereto; and to conduct a new revocation hearing. In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656
(1973); Morrissey v. Brewer, 408 U.S. 471,92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); McCoo v. State,921 So.2d 450 (Ala. 2005); Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975); and Rule 27, Ala. R.Crim. P.
REVERSED AND REMANDED.
McMILLAN, WISE, and WELCH, JJ., concur. *Page 1046