KELLUM, Judge.
 

 The appellant, Dracye Ware, appeals from the circuit court’s revocation of his probation. The record indicates that on January 28, 2003, Ware pleaded guilty to robbery in the first degree. He was sentenced to 20 years’ imprisonment; that sentence was split, and he was ordered to serve 4 years’ imprisonment and followed by one year of supervised probation. The court ordered Ware to pay $50 to the crime victims compensation fund, a $250 fine, and $715 in restitution.
 

 While on probation, Ware was arrested for the unlawful breaking and entering of a vehicle. On September 20, 2007, the State moved to revoke Ware’s probation on the ground that Ware had violated certain conditions of his probation. After conducting a probation-revocation hearing on October 1, 2007, the circuit court revoked Ware’s probation. The following entry appears on the case-action summary:
 

 “After hearing, defendant has violated his probation by breaking into a vehicle on 5-28-07 at or near 3rd Avenue and Center Street. Defendant’s sentence of sixteen (16) years is hereby placed in effect. Defendant to receive credit for jail time pending his probation revocation hearing.”
 

 This appeal followed.
 

 On appeal, Ware contends that the circuit court’s order revoking his probation should be reversed because, he says, it is unclear from the record whether a hearing was actually held before his probation was revoked or whether he waived his right to a hearing and admitted to violating the terms of his probation. Ware further argues that the circuit court’s order revoking his probation was deficient because it did not contain a statement of the evidence relied on and the reasons for revoking his probation as required by Rule 27.6(f), Ala. R.Crim. P.
 

 Although the record on appeal indicates that the circuit court conducted a probation-revocation hearing, the record on appeal does not include a transcript of the probation-revocation hearing. We note that after the instant case had been submitted to this Court for decision, we issued an order to the circuit court to clarify the meaning of its October 1, 2007, order and, if the probation-revocation hearing was indeed transcribed, to supplement the record with a copy of a transcript of that hearing. In response to this Court’s order, the circuit court indicated that Ware’s probation-revocation hearing was not transcribed by a court reporter.
 

 In
 
 Williams v. State,
 
 982 So.2d 615 (Ala.Crim.App.2007), this Court addressed a similar situation involving the lack of a transcript in the record on appeal. In
 
 Williams,
 
 the defendant argued on appeal that “ ‘the lack of a colloquy and/or transcript indicating that [he] knowingly “confessed” the violation of the terms of his probation demands a remand for further findings.’ ” 982 So.2d at 616 (quoting Williams’s brief). The case-action summary in
 
 Williams
 
 indicated that the circuit court had conducted a probation-revocation hearing before revoking the defendant’s probation. However, the record on appeal did not include a transcript of the revocation hearing. The defendant moved to supplement the record on appeal with a transcript of the revocation hearing. The circuit court denied the motion to supplement because no transcript of the probation-revocation hearing existed. This
 
 *558
 
 court reversed the circuit court’s revocation order, stating:
 

 “In this case, the revocation hearing was not transcribed. Also, the written revocation order does not include any facts regarding the voluntariness of the [defendant's admission. Therefore, we cannot properly review the [defendant’s claim regarding the voluntariness of his admission. Accordingly, we must reverse the circuit court’s judgment revoking the [defendant’s probation and remand this case for the circuit court to conduct a new revocation hearing.”
 

 Williams v. State,
 
 982 So.2d at 616-17.
 

 In the instant case, the case-aetion-sum-mary sheet indicates that, contrary to Ware’s assertion on appeal, the circuit court conducted a probation-revocation hearing; however, that hearing was not transcribed by a court reporter. The circuit court’s October 1, 2007, order gives no indication whether Ware admitted at the hearing to violating the terms of his probation. Moreover, the circuit court’s order does not state the evidence relied on by the court to revoke Ware’s probation as required under Rule 27.6(f), Ala. R.Crim. P.
 

 In
 
 McCoo v. State,
 
 921 So.2d 450, 462 (Ala.2005), the Alabama Supreme Court held that this court could
 

 “examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of
 
 Morrissey [v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’
 
 [United States
 
 v.]
 
 Copeland,
 
 20 F.3d [412, 414 (11th Cir.1994) ].”
 

 The Court, however, noted that its holding did not “diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.”
 
 McCoo,
 
 921 So.2d at 462. While this court is permitted to examine the record to determine whether a circuit court’s findings, either oral or transcribed, create a sufficient record to advise of the reasons for the revocation and the evidence relied on, see
 
 McCoo,
 
 supra, we are unable to do so in this case because no transcript of the probation-revocation hearing exists for this court to review.
 

 Given that no transcript exists of the probation-revocation hearing and that we are unable to ascertain from the circuit court’s order the evidence the court relied on in revoking Ware’s probation, this Court cannot fulfill its duty to review the correctness of the circuit court’s actions. Accordingly, we reverse the circuit court’s judgment and remand this case for that court to set aside the October 1, 2007, probation-revocation order and to conduct a new probation-revocation hearing that is properly recorded and transcribed for this Court’s review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R.Crim. P., and
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975). In the event Ware is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH and WTNDOM, JJ., concur.