WISE, Presiding Judge.
 

 On March 3, 2006, the appellant, Brian Scott Burrell, entered a guilty plea to one count of first-degree receiving stolen property and one count of obstructing justice by using a false identity. The trial court sentenced him, as a habitual offender, to serve concurrent terms of twenty years in prison.
 
 See
 
 § 13A-5-9(c), Ala.Code 1975. It then split the sentences and ordered him to serve three years followed by five years on supervised probation. On October 21, 2008, Burrell’s probation officer filed an “Officer’s Report on Delinquent Probationer.” After conducting a hearing on December 5, 2008, the circuit court
 
 *241
 
 revoked Burrell’s probation. This appeal followed.
 

 Burrell argues that the December 5, 2008, hearing did not constitute a revocation hearing. Specifically, he contends that the record in this case does not indicate that he was informed of the alleged probation violations and that he received a written copy of the alleged violations as required by Rule 27.5, Ala. R.Crim. P.; that the State did not give him adequate notice of the evidence it intended to use against him; that the record does not indicate that the circuit court advised him that any statement he made at the December 5, 2008, hearing could be used against him; that the record does not indicate that the circuit court set a date for a final revocation hearing; that he did not waive a final revocation hearing; and that, for these reasons, the summary revocation of his probation violated his right to procedural due process. The record does not include a transcript of the December 5, 2008, hearing. In fact, the court reporter stated that she “did not report anything regarding a probation revocation” in this case. Therefore, we cannot properly review Burrell’s claims.
 

 Accordingly, we reverse the circuit court’s judgment revoking Burrell’s probation and remand this case for the circuit court to conduct a new revocation hearing.
 
 See Lee v. State,
 
 936 So.2d 551 (Ala.Crim.App.2005);
 
 Whitlock v. State,
 
 923 So.2d 1147 (Ala.Crim.App.2005). In conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973);
 
 Morrissey v. Brewer,
 
 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972);
 
 McCoo v. State,
 
 921 So.2d 450 (Ala.2005);
 
 Armstrong v. State,
 
 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Ala.R.Crim. P.
 

 REVERSED AND REMANDED.
 

 WELCH, WINDOM, KELLUM, and MAIN, JJ., concur.