On Return to Remand 

KELLUM, Judge.
The appellant, Joshua Shane Dennis, appeals from the circuit court’s revocation of his probation. In December 2012, Dennis pleaded guilty to unlawful possession of a controlled substance, a violation of § 13A-12-212, Ala.Code 1975. The circuit court sentenced Dennis to 10 years’ imprisonment; that sentence was split, and Dennis was ordered to serve 2 years in the Jefferson County Community Corrections program. The circuit court suspended the sentence and placed Dennis on probation for one year on the condition that he complete a drug-treatment program.
On October 16, 2013, the circuit court issued an arrest warrant for Dennis on the ground that he “probably violated the terms of his community corrections.” (C. 32.) The circuit court appointed an attorney to represent Dennis and set a probation-revocation hearing for April 16, 2014. On that same day, the circuit court entered an order on the case-action summary in which it revoked Dennis’s sentence to community corrections and ordered Dennis to serve the balance of his 10-year sentence in the custody of the Alabama Department *380 of Corrections. The following entry appears on the case-action summary:
“[Dennis] appeared with [defense counsel], [Dennis] is noncompliant with Community Corrections program, [Dennis] has new cases in Coffee County and is now in Drug Court in Coffee County. Community Corrections is revoked, sentence of 10 years entered on December 20, 2012, is placed into effect. [Dennis] to be credited for time served.”
(C. 37.) This appeal followed.
On appeal, Dennis contends, among other things, that the revocation of his probation is due to be reversed because no transcript exists of the probation-revocation proceedings. Dennis further argued that the circuit court’s order revoking his probation was deficient because it did not contain a statement of the evidence the circuit court relied on for revoking his probation as required by Rule 27.6(f), Ala. R.Crim. P.
Although the record indicates that the circuit court set Dennis’s probation revocation for a hearing on April 16, 2014, and on that same day the circuit court entered an order revoking Dennis’s probation, the record on appeal does not include a transcript of the probation-revocation hearing. The record indicates that Dennis requested a transcript of the probation-revocation proceedings when he filed his notice of appeal; however, the court reporter notified this Court that a court reporter had not been assigned in this case. After the case was submitted to this Court for decision, we issued an order directing the circuit court, pursuant to Rule 10(g), Ala. R.App. P., to supplement the record on appeal with a copy of the probation-revocation hearing. In response to this Court’s order, the circuit court indicated that Dennis’s probation-revocation hearing was neither recorded nor transcribed by a court reporter.
“In Williams v. State, 982 So.2d 615 (Ala.Crim.App.2007), this Court addressed a similar situation involving the lack of a transcript in the record on appeal. In Williams, the defendant argued on appeal that ‘ “the lack of a colloquy and/or transcript indicating that he knowingly ‘confessed’ the violation of the terms of his probation demands a remand for further findings.” ’ 982 So.2d at 616 (quoting Williams’s brief). The case-action summary in Williams indicated that the circuit court had conducted a probation-revocation hearing before revoking the defendant’s probation. However, the record on appeal did not include a transcript of the revocation hearing. The defendant moved to supplement the record on appeal with a transcript of the revocation hearing. The circuit court denied the motion to supplement because no transcript of the probation-revocation hearing existed. This court reversed the circuit court’s revocation order, stating:
“ ‘In this case, the revocation hearing was not transcribed. Also, the written revocation order does not include any facts regarding the volun-tariness of the [defendant's admission. Therefore, we cannot properly review the [defendant’s claim regarding the voluntariness of his admission. Accordingly, we must reverse the circuit court’s judgment revoking the [defendant’s probation and remand this case for the circuit court to conduct a new revocation hearing.’ ”
Ware v. State, 24 So.3d 556, 557-58 (Ala.Crim.App.2009).
In the instant case, the record indicates that the circuit court conducted a probation-revocation hearing at which Dennis was represented by counsel. However, the record does not indicate, and the circuit court’s order revoking Dennis’s proba *381 tion does not state, the evidence relied on by the court to revoke Dennis’s probation as required under Rule 27.6(f), Ala. R.Crim. P.
In McCoo v. State, 921 So.2d 450, 462 (Ala.2005), the Alabama Supreme Court held that this court could
“examine the record and conclude that ‘oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.’ [United States v.] Copeland, 20 F.3d [412, 414 (11th Cir.1994) ].”
The Court, however, noted that its holding did not “diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.” McCoo, 921 So.2d at 462. Although this Court is permitted to examine the record to determine whether a circuit court’s findings, either oral or transcribed, create a record sufficient to advise of the reasons for the revocation and the evidence relied on, see McCoo, supra, we are unable to do so in this case because no transcript of the probation-revocation hearing exists for this Court to review.
Given that no transcript of the probation-revocation hearing exists and that this Court is unable to ascertain from the circuit court’s order the evidence the court relied on in revoking Dennis’s probation, this Court cannot fulfill its duty to review the circuit court’s actions. Accordingly, we reverse the circuit court’s judgment and remand this case for that court to set aside the April 16, 2014, probation-revocation order and to conduct a new probation-revocation hearing that is properly recorded and transcribed for this Court’s review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R.Crim. P., and Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). In the event Dennis is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.