Rel: September 26, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

————————————————

### CR-2025-0107

————————————————

## Lowery Dale Wilson

## v.

## State of Alabama

## Appeal from Lauderdale Circuit Court
## (CC-23-1239.70)

KELLUM, Judge.

Lowery Dale Wilson appeals from the Lauderdale Circuit Court's order granting the State's motion to impose sentence and revoking his participation in the Lauderdale County Community Corrections ("LCCC") program.

The limited record before us on appeal indicates that Wilson pleaded guilty to discharging a gun into an occupied building and was sentenced to 15 years' imprisonment, "split to time served," with the remainder of the sentence suspended for 60 months; Wilson was placed in the LCCC program for 24 months. (C. 6.) On August 27, 2024, Wilson reported to the LCCC program for an evaluation at which time Wilson was asked to read and sign "the LCCC Rules, Requirements and Information form." (C. 8.) After learning that he would be placed on the "color code program,"[1] Wilson refused to sign the LCCC form acknowledging the rules and regulations and admitted that there were drugs in his system. (C. 8.) The LCCC program evaluation was then terminated.

On August 27, 2024, the State filed a motion to impose sentence in the circuit court, alleging that Wilson had refused to sign the necessary LCCC paperwork and to submit to the color-code program, thus resulting in the termination of Wilson's LCCC program evaluation. On September 17, 2024, the State filed a motion to amend its motion to impose sentence,

---

[1]"Color code" refers to a drug-testing program in which participants are assigned a specific color and are required to undergo a drug test when their assigned color is called.

in which the State alleged that Wilson had been arrested and charged with certain persons forbidden to possess a firearm. The circuit court granted the motion to amend.

On October 29, 2024, after holding a hearing on the State's amended motion to impose sentence, the circuit court entered an order stating that "sentencing is set December 5, 2024, @ 1:30 p.m." On November 22, 2024, Wilson filed a motion to reconsider, in which he referenced testimony taken at the October 29, 2024, hearing. In his motion to reconsider, Wilson stated that the circuit court had found that the State had "met [its] burden" at the conclusion of the hearing but had given Wilson an opportunity to respond by brief or motion to address any issues raised during the hearing. (C. 17.) On December 7, 2024, the circuit court held a hearing on the motion to reconsider. On December 10, 2024, the circuit court entered an order ("the revocation order"), in which it granted the State's motion to impose sentence, denied the motion to reconsider, revoked Wilson's participation in the LCCC program, and ordered Wilson to serve the balance of his sentence in the custody of the Alabama Department of Corrections. Wilson filed a timely notice of appeal.

On August 5, 2025, this Court issued an order noting that the record did not contain a transcript of the October 29, 2024, revocation hearing and ordered the circuit clerk to supplement the record with the transcript. On August 27, 2025, the circuit clerk supplemented the record with a letter from the court reporter, who stated that she had reviewed her records and that she "did not take any testimony" at the October 29, 2024, revocation hearing. (Supp. C. 6.)

On appeal, Wilson raises the following issues: (1) whether the circuit court erred when it denied his motion to reconsider; (2) whether the revocation order was deficient because it did not contain a statement of the evidence relied on and the reasons for revoking his participation in the LCCC program, as required by Rule 27.6(f), Ala. R. Crim. P.; (3) whether revocation was proper because no evidence was presented indicating that Wilson had signed or accepted the terms and conditions of his participation in the LCCC program; and (4) whether his revocation hearing complied with Rule 27.6. Wilson contends that this case is due to be remanded for further proceedings based on the absence of a transcript of the revocation hearing and the failure of the circuit court to enter a revocation order that complies with Rule 27.6(f). We agree.

"We first note that the revocation of a sentence served under a community-corrections program is treated the same as a probation revocation. See § 15-18-175(d)(3)b., Ala. Code 1975 ('A revocation hearing shall be conducted before the court prior to revocation of the community corrections sentence. The court shall apply the same due process safeguards as a probation revocation proceeding and may modify or revoke the community punishment sentence and impose the sentence that was suspended at the original hearing or any lesser sentence....'); Richardson v. State, 911 So. 2d 1114 (Ala. Crim. App. 2004) (treating the revocation of a community-corrections sentence as a probation revocation)."

Corbitt v. State, 369 So. 3d 682, 684 (Ala. Crim. App. 2022).

In Ware v. State, 24 So. 3d 556 (Ala. Crim. App. 2009), this Court addressed whether a circuit court's order revoking probation should be reversed when the record on appeal contained no transcript of the revocation hearing, and no indication that the defendant had waived a hearing, and the circuit court's order revoking probation was deficient because it did not contain a statement of the evidence relied on and the reasons for revoking probation as required by Rule 27.6(f). In addressing this argument, this Court stated:

"Although the record on appeal indicates that the circuit court conducted a probation-revocation hearing, the record on appeal does not include a transcript of the probation-revocation hearing. We note that after the instant case had been submitted to this Court for decision, we issued an order to the circuit court to clarify the meaning of its ... order and, if the probation-revocation hearing was indeed transcribed, to

5

supplement the record with a copy of a transcript of that hearing. In response to this Court's order, the circuit court indicated that Ware's probation-revocation hearing was not transcribed by a court reporter.

"In <u>Williams v. State</u>, 982 So. 2d 615 (Ala. Crim. App. 2007), this Court addressed a similar situation involving the lack of a transcript in the record on appeal. In <u>Williams</u>, the defendant argued on appeal that '"the lack of a colloquy and/or transcript indicating that [he] knowingly 'confessed' the violation of the terms of his probation demands a remand for further findings."' 982 So. 2d at 616 (quoting Williams's brief). The case-action summary in <u>Williams</u> indicated that the circuit court had conducted a probation-revocation hearing before revoking the defendant's probation. However, the record on appeal did not include a transcript of the revocation hearing. The defendant moved to supplement the record on appeal with a transcript of the revocation hearing. The circuit court denied the motion to supplement because no transcript of the probation-revocation hearing existed. This court reversed the circuit court's revocation order, stating:

"'In this case, the revocation hearing was not transcribed. Also, the written revocation order does not include any facts regarding the voluntariness of the [defendant]'s admission. Therefore, we cannot properly review the [defendant]'s claim regarding the voluntariness of his admission. Accordingly, we must reverse the circuit court's judgment revoking the [defendant]'s probation and remand this case for the circuit court to conduct a new revocation hearing.'

"<u>Williams v. State</u>, 982 So. 2d at 616-17.

"In the instant case, the case-action-summary sheet indicates that, contrary to Ware's assertion on appeal, the circuit court conducted a probation-revocation hearing;

6

however, that hearing was not transcribed by a court reporter. The circuit court's ... order gives no indication whether Ware admitted at the hearing to violating the terms of his probation. Moreover, the circuit court's order does not state the evidence relied on by the court to revoke Ware's probation as required under Rule 27.6(f), Ala. R. Crim. P.

"In McCoo v. State, 921 So. 2d 450, 462 (Ala. 2005), the Alabama Supreme Court held that this court could

"'examine the record and conclude that "oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." [United States v.] Copeland, 20 F.3d [412, 414 (11th Cir. 1994)].'

"The Court, however, noted that its holding did not 'diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.' McCoo, 921 So. 2d at 462. While this court is permitted to examine the record to determine whether a circuit court's findings, either oral or transcribed, create a sufficient record to advise of the reasons for the revocation and the evidence relied on, see McCoo, supra, we are unable to do so in this case because no transcript of the probation-revocation hearing exists for this court to review.

"Given that no transcript exists of the probation-revocation hearing and that we are unable to ascertain from the circuit court's order the evidence the court relied on in revoking Ware's probation, this Court cannot fulfill its duty to

7

> review the correctness of the circuit court's actions. Accordingly, we reverse the circuit court's judgment and remand this case for that court to set aside the ... probation-revocation order and to conduct a new probation-revocation hearing that is properly recorded and transcribed for this Court's review. The circuit court should also enter written findings in accordance with Rule 27.6(f), Ala. R. Crim. P., and Armstrong v. State, 294 Ala. 100, 312 So. 2d 620 (1975). In the event Ware is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court."

Ware, 24 So. 3d at 557-58.

In this case, as in Ware, there is no transcript of the revocation hearing and the circuit court's order does not set forth what evidence, if any, the circuit court relied on in revoking Wilson's participation in the LCCC program. Therefore, "this Court cannot fulfill its duty to review the correctness of the circuit court's actions." Ware, 24 So. 3d at 558. Accordingly, we reverse the circuit court's December 10, 2024, revocation order and remand the case for the circuit court to conduct a new revocation hearing. The circuit court should ensure that the hearing is recorded and transcribed and should ensure that any subsequent order revoking Wilson's participation in the LCCC program complies with Rule 27.6(f) by setting forth the reasons for revocation and the evidence on which the circuit court relied in revoking his participation in the LCCC program. Ware, supra. Further,

8

"[i]n conducting the revocation hearing, we caution the circuit court to comply with the due process requirements set forth in <u>Morrissey v. Brewer</u>, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972); <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); <u>Armstrong v. State</u>, 294 Ala. 100, 312 So. 2d 620 (1975); <u>McCoo v. State</u>, 921 So. 2d 450 (Ala. 2005); and Rule 27, Ala. R. Crim. P."

<u>Lee v. State</u>, 936 So. 2d 551, 554 (Ala. Crim. App. 2005).  "In the event [Wilson] is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court."  <u>Ware</u>, 24 So. 3d at 558.

REVERSED AND REMANDED.

Windom, P.J., and Cole, Minor, and Anderson, JJ., concur.