Rel: November 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

———————————————

## CR-2024-0245

———————————————

## Raheem Alton Bernard Brown

### v.

## State of Alabama

## Appeal from Montgomery Circuit Court
## (CC-17-793.70 and CC-19-362.70)

On Return to Remand

ANDERSON, Judge.

Raheem Alton Bernard Brown appeals the Montgomery Circuit Court's judgment revoking his probation. Previously, this Court determined that, although the circuit court had provided a sufficient reason for revoking Brown's probation, it had failed to adequately

identify the specific evidence it had relied upon to support its reasoning. As our precedent requires, we issued an order remanding this case to the circuit court with instructions for it to enter a written judgment specifically stating the evidence upon which it had relied and its reasons for revoking Brown's probation.

On remand, however, the circuit court found it impossible to comply with our instructions. The circuit judge who had presided over Brown's probation revocation hearing had retired from judicial service while this case was pending on appeal, and was replaced by Judge Monet Gaines. Unable to comply with this Court's instructions -- Judge Gaines could not speak to the evidence relied upon by her predecessor -- she attempted to comply with our order by conducting a de novo review of the transcript of the revocation hearing and issuing a new probation-revocation judgment identifying her reason for revoking Brown's probation, specifically identifying the evidence <u>she</u> relied upon. Brown objected, correctly arguing that the circuit court and parties lacked the authority to agree to exceed the scope of this Court's remand order.

On return to remand, Brown challenges the circuit court's issuance of a new probation-revocation judgment based on Judge Gaines'

independent, de novo review of the evidence as exceeding the scope of this Court's mandate. The State's brief on return to remand does not address this jurisdictional issue identified by Brown.

We agree with Brown that the actions of the circuit court, although taken with an obvious and commendable desire to serve the interests of justice by finding some method of complying with this Court's remand instructions (despite it being impossible to do so), exceeded the scope of our remand order. Consequently, the circuit court's judgment is void for lack of jurisdiction. See, e.g., Anderson v. State, 796 So. 2d 1151, 1155 (Ala. Crim. App. 2000) (citing Lynch v. State, 587 So. 2d 306 (Ala. 1991), and Ellis v. State, 705 So. 2d 843, 847 (Ala. Crim. App. 1996)).

In Dennis v. State, 167 So. 3d 379 (Ala. Crim. App. 2014), this Court found itself in a similar procedural posture. In Dennis, this Court was confronted with a probation-revocation order entered by the trial court after it had conducted a hearing that had not been transcribed, and, therefore, this Court was "unable to ascertain from the circuit court's order the evidence that the court relied on in revoking Dennis's probation." 167 So. 3d at 381. This Court determined that the appropriate disposition in such a situation is to "reverse the [trial] court's judgment

and remand th[e] case for [the trial] court to set aside [its] probation-revocation order and conduct a new probation-revocation hearing that is properly recorded and transcribed for this Court's review." Id.

In this case, too, something is missing from the record below that prevents this Court from "fulfill[ing] its duty to review the circuit court's actions," though it is a missing circuit judge rather than a missing transcript. Dennis, 167 So. 3d at 381. The difference, however, is immaterial, and we hold that the appropriate resolution of this issue is to follow the procedure used by this Court in Dennis.

Accordingly, we reverse the circuit court's judgment as being void for lack of jurisdiction. Because, for reasons outside the State's control, it is impossible for the circuit judge who entered the judgment Brown appeals to provide his reasons for revoking Brown's probation and because we cannot ascertain those reasons from that circuit judge's original order, which formed the judgment Brown appealed, we remand this case to the circuit court for that court to set aside its February 24, 2024, probation-revocation judgment and to conduct a new probation-revocation hearing. That hearing, at which Brown must be represented by counsel, shall be properly recorded and transcribed for this Court's

review, and the circuit court must enter written findings in accordance with Rule 27.6(f), Ala. R. Crim. P., and Armstrong v. State, 294 Ala. 100, 312 So. 2d 620 (Ala. 1975). In the event that Brown is dissatisfied following his new probation-revocation hearing, he should file a new appeal to this Court.

REVERSED AND REMANDED.

Windom, P.J., and Cole and Minor, JJ., concur.

Kellum, J., dissents.