STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-159

STATE OF LOUISIANA

VERSUS

DONALD RAY JOHNSON, JR.

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 144811
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

CONVICTION AND SENTENCE AFFIRMED WITH
INSTRUCTIONS.  MOTION TO WITHDRAW GRANTED.

Annette Fuller Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
COUNSEL FOR DEFENDANT/APPELLANT:
	Donald Ray Johnson, Jr.

Charles A. Riddle, III
District Attorney – Twelfth Judicial District
Michael F. Kelly, First Assistant District Attorney
Post Office Box 1200
Marksville, Louisiana 71351
(318) 253-6587
COUNSEL FOR APPELLEE:
	State of Louisiana

Donald Ray Johnson, Jr
#453914, Camp J, Bass Dorm
Louisiana State Penitentiary
Angola, Louisiana 70712

**GENOVESE, Judge.**

The Defendant, Donald Ray Johnson, Jr., was charged by bill of indictment filed on May 29, 2008, with first degree murder, a violation of La.R.S. 14:30. The Defendant entered a plea of not guilty on June 24, 2008. On October 14, 2008, the Defendant withdrew his former plea of not guilty and entered a plea of guilty to first degree murder.[1]

As part of the plea agreement, the State waived imposition of the death penalty and agreed that the Defendant would receive a sentence of life imprisonment without benefit of probation, parole, or suspension of sentence. The court then sentenced the Defendant in accordance with the plea agreement. A Motion for Appeal was filed and granted on November 21, 2008.

Appellate counsel has filed an *Anders* brief and a motion to withdraw in this matter. We find that there are no non-frivolous issues in this matter. For the following reasons, we affirm and grant the motion to withdraw.

## FACTS

On March 29, 2008, the Defendant killed Janaver Lynn Ann Distefano, who was sixty-five years of age or older, while engaged in the perpetration or attempted perpetration of an armed robbery, by beating her and stabbing her with a knife. The Defendant then drove away in Distefano's vehicle and subsequently used her bank access card.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for

---

[1] The Defendant was charged in trial court docket number 144812 with unauthorized use of a motor vehicle and in trial court docket number 144813 with unauthorized use of an access card. These offenses arose out of the same course of events as the charge of first degree murder and are before this court in appellate court docket numbers 09-160 and 09-161 respectively.

1

errors patent on the face of the record. After reviewing the record, we find that there are no errors patent; however, the minutes of sentencing are in need of correction.

The minutes of sentencing state, in pertinent part:

> AS REQUIRED BY ARTICLE 890.1 OF THE CODE OF CRIMINAL PROCEDURE AND ARTICLE 894.1D OF THE CODE OF CRIMINAL PROCEDURE, THE COURT DESIGNATED THAT THE CRIME INVOLVED WAS A CRIME OF VIOLENCE AS DEFINED OR ENUMERATED IN R.S. 14:2"13", AND ALSO INFORMED THE DEFENDANT WHETHER, PURSUANT TO THE PROVISIONS OF R.S. 15:571.3, THE DEFENDANT'S SENTENCE IS NOT SUBJECT TO DIMINUTION FOR GOOD BEHAVIOR, AND WHETHER THE SENTENCE WAS ENHANCED PURSUANT TO R.S. 15:529.1 ET SEQ, ARTICLE 893.3, OR ANY OTHER RELEVANT PROVISION OF LAW.

Yet, the transcript of sentencing provides, in pertinent part:

> However, the crime of First Degree Murder is in fact a crime of violence and therefore that sentence is not subject to diminution for good behavior regardless, your sentence is without benefit of probation, parole or suspension of sentence and therefore is definitely without any diminution for good behavior.

Due to the disparity between the minutes of sentencing and the transcript of sentencing, the trial court is ordered to amend the minutes of sentencing to accurately reflect the sentencing transcript.

## *ANDERS* ANALYSIS

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), the Defendant's appellate counsel has filed a brief stating that she could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found

2

after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in an indictment, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence.

Our review of the record has not revealed any issues which would support an assignment of error on appeal. Thus, appellate counsel's motion to withdraw is granted.

## DISPOSITION

The Defendant's conviction and sentence are affirmed. Additionally, the district court is hereby instructed to amend the minutes of sentencing to accurately reflect the sentencing transcript.

**CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

3

**09-159**

**COURT OF APPEAL, THIRD CIRCUIT**

**STATE OF LOUISIANA**

**STATE OF LOUISIANA**

    **Appellee**

**VERSUS**

**DONALD RAY JOHNSON, JR.**

    **Defendant-Appellant**

On Appeal from the Twelfth Judicial District Court, Docket Number 144811, Parish of Avoyelles, State of Louisiana, Honorable William Bennett, Judge.

**O R D E R**

_____After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.

THUS DONE AND SIGNED this _____ day of ____September____, 2009.

COURT OF APPEAL, THIRD CIRCUIT

_____
Judge John D. Saunders

_____
Judge Jimmie C. Peters

_____
Judge James T. Genovese