# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1158


STATE OF LOUISIANA

VERSUS

ROBERT J. LEBLEU


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR2011-33
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**


**David W. Burton**
**District Attorney**
**James R. Lestage**
**Assistant District Attorney**
**Post Office Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward John Marquet**
**Post Office Box 53733**
**Lafayette, LA   70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robert J. Lebleu**

**Mark O. Foster**
**Louisiana Appellate Project**
**Post Office Box 2057**
**Natchitoches, LA   71457**
**(318) 572-5693**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Robert J. Lebleu**

**AMY, Judge.**

The defendant was charged with two counts of distribution of a controlled dangerous substance, methamphetamine, a violation of La.R.S. 40:967(A). As part of a plea agreement with the State, the defendant pled guilty to those two charges. Pursuant to the terms of that agreement, the trial court sentenced the defendant to five years on each count, to run concurrently with each other and consecutively to any other sentence. Further, in accordance with the plea agreement, the trial court imposed a fine and directed the defendant to pay certain sums to the district attorney's office, the public defender, and to the crime lab. The defendant appeals. The defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and a motion seeking to withdraw from the case. For the following reasons, we affirm the defendant's convictions and sentences. Further, we grant defense counsel's motion to withdraw.

## Factual and Procedural Background

On January 31, 2011, the State filed a bill of information charging the defendant, Robert J. LeBleu, with two counts of distribution of a controlled dangerous substance, methamphetamine, in violation of La.R.S. 40:967(A). According to the State, on two occasions, the defendant sold methamphetamine to an undercover police officer in Beauregard Parish. After reaching a plea agreement with the State, the defendant pled guilty to those charges on June 10, 2011. The plea agreement contained sentencing terms, and the trial court sentenced the defendant in accordance with those terms. Thus, the trial court sentenced the defendant to five years with the Department of Corrections on each count, concurrent with each other and consecutive to any other sentence. Also pursuant to the plea agreement, the trial court also imposed a fine of $2,000.00 plus court costs; $300.00 for the costs of prosecution; $300.00 to the public defender's

office, subject to a credit for any amounts already paid; and $250.00 to the Southwest Louisiana Crime Lab.

The defendant filed a pro se motion to reconsider, requesting that the trial court order his sentences to run concurrently with a probation revocation imposed in Calcasieu Parish. The trial court denied the motion.

The defendant appeals. His counsel has filed an *Anders* brief.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent.

The minutes from the sentencing hearing require correction. The minutes state: "[a]lso as part of the sentence and payable on parole, the defendant is to pay $2,000.00 plus costs of court, pay $300 cost of prosecution, pay $300 to the Office of Public Defender and $250 lab fee to the Southwest La crime lab [sic]." However, the sentencing transcript contains no reference to these amounts being payable on parole. "[I]t is well settled that when the minutes and the transcript are in conflict, the transcript prevails." *State v. Dorsey*, 10-1021, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 637, 640 (quoting *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62 (alteration in original)). Thus, we direct the trial court to correct the sentencing minutes to delete the reference to amounts being "payable on parole."

*Anders Brief Analysis*

The defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), stating that he has reviewed the

appellate record and has not found any non-frivolous issues which may be raised on appeal. Appellate counsel seeks to withdraw from the case.

In *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, the supreme court expressly approved of the procedures for review of an *Anders* brief delineated by the fourth circuit in *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). In *Benjamin*, 573 So.2d at 531, the fourth circuit stated:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

This court has performed an independent review of the record, including the pleadings, minute entries, the bill of information, and the transcripts. The defendant was provided an opportunity to file his own brief, but did not do so.

A review of the record reveals that the defendant was present and represented by counsel at all crucial stages of the proceedings. The defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Further, the defendant received legal sentences.

Our review of the record has not revealed any issues which would support an assignment of error on appeal. Thus, appellate counsel's motion to withdraw is granted. *See State v. Johnson*, 09-159 (La.App. 3 Cir. 10/7/09), 20 So.3d 568.

3

**DECREE**

The convictions of the defendant, Robert J. LeBleu, for two counts of distribution of a controlled dangerous substance, methamphetamine, are affirmed. The defendant's sentences are affirmed. The trial court is directed to correct the sentencing minutes in accordance with this opinion. Appellate counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**