NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1434

STATE OF LOUISIANA

VERSUS

DARIOUS D. ROGERS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C 17497
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and John E. Conery, Judges.

Pickett, J., concurs and assigns written reasons.

CONVICTION AFFIRMED. SENTENCE AMENDED. MOTION TO WITHDRAW GRANTED. THE TRIAL COURT IS ORDERED TO MAKE A MINUTE ENTRY REFLECTING THE AMENDMENT OF THE SENTENCE.

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, Louisiana 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Darious D. Rogers**

**Van Hardin Kyzar**
**District Attorney**
**10th Judicial District Court**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**CONERY, Judge.**

On March 28, 2011, the State charged Defendant Darious Rogers and two co-defendants with second degree murder, a violation of La.R.S. 14:30.1, and armed robbery, a violation of La.R.S. 14:64. On March 12, 2012, pursuant to a plea bargain, Defendant pled guilty to manslaughter, a violation of La.R.S. 14:31. The State dismissed the armed robbery charge, and Defendant received a sentencing cap of twenty years; he agreed to testify truthfully against his co-defendants.

On May 25, 2012, the trial court sentenced Defendant to fifteen years at hard labor. Trial counsel objected to the sentence and made an oral motion for appeal. A written motion for appeal was timely filed on May 29, 2012.

Appellate counsel now moves to withdraw from the case and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). This court's analysis indicates counsel should be allowed to withdraw.

## FACTS

Defendant pled guilty, but as will be discussed later, the plea transcript is not available. A transcript of the sentencing hearing is available which shows the factual basis relied upon by the trial court:

> The homicide and robbery in this case took place on January 24, 2011. Mr. Rogers testified on behalf of the State at the trial of a co-defendant, JaMario Kato. He testified that on the date of the incident, he and the victim had driven to Houston together, where they visited family, and where Mr. Jackson bought illegal drugs to sale [sic] in Natchitoches. They returned to Natchitoches, and sold some of the drugs. And then went to the apartment of Mr. Jackson's former girlfriend, and the mother of whom…of his child (sic), both of whom were present at the apartment. JaMario Kato and Dominique Sibley called and wanted to buy pills from Mr. Jackson, who refused to sell them any. They came to the apartment complex and Mr. Rogers went downstairs to meet them. They told him they were going to rob Mr. Jackson. Mr. Rogers went back upstairs and did not tell Mr. Jackson

this. Later Mr. Jackson went out on the balcony of the apartment building, and Kato and Sibley confronted him. Simply [sic] had a gun, and shot and killed Mr. Jackson. Mr. Rogers, at first, faked that he might have been shot, and then attempted to give assistance to Mr. Jackson who died. The next day, Mr. Rogers, voluntarily went to the police station and told what had happened. He admitted his role in helping to set Mr. Jackson up. In his testimony he expressed great remorse about his role in the killing of Mr. Jackson, who he described as being like a brother to him.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent concerning the Defendant's sentence for manslaughter. The judge sentenced the Defendant to fifteen years with the Louisiana Department of Corrections "85% of which is to be served" before the Defendant is eligible for parole. In *State ex rel. Calvin v. State*, 03-870 (La. 4/2/04), 869 So.2d 866, 866, the supreme court held:

> Because the terms of the statutes under which relator was sentenced do not include a prohibition on parole, *see* R.S. 14:62; R.S. 14:60; R.S. 15:529.1, relator's sentence is amended to delete the prohibition. Relator's parole eligibility is to be determined by the Department of Corrections pursuant to R.S. 15:574.4. *State ex rel. Meeks v. State*, 98-1930 (La.1/29/99), 736 So.2d 820; *St. Amant v. 19th J.D.C.*, 94-0567 (La.9/3/96), 678 So.2d 536; *cf. State ex rel. Simmons v. Stalder*, 93-1852 (La.1/26/96), 666 So.2d 661. The district court is directed to make an entry in the minutes reflecting this change. In all other respects, the application is denied as untimely. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La.9/5/95), 660 So.2d 1189.

Louisiana Revised Statutes 14:31 includes no prohibition on parole. Accordingly, the Defendant's sentence is amended to delete the restriction on parole, and the district court is instructed to make a minute entry reflecting this change.

# ANALYSIS

Appellate counsel is seeking to withdraw from this case because he has found no non-frivolous issues to assign as errors. The analysis for such cases is well-established:

> The defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has reviewed the appellate record and has not found any non-frivolous issues which may be raised on appeal. Appellate counsel seeks to withdraw from the case.
>
> In *State v. Mouton*, 95-981 (La.4/28/95), 653 So.2d 1176, the supreme court expressly approved of the procedures for review of an *Anders* brief delineated by the fourth circuit in *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir.1990). In *Benjamin*, 573 So.2d at 531, the fourth circuit stated:
>
>> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
>
> This court has performed an independent review of the record, including the pleadings, minute entries, the bill of information, and the transcripts. The defendant was provided an opportunity to file his own brief, but did not do so.
>
> A review of the record reveals that the defendant was present and represented by counsel at all crucial stages of the proceedings.

3

The defendant entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Further, the defendant received legal sentences.

Our review of the record has not revealed any issues which would support an assignment of error on appeal. Thus, appellate counsel's motion to withdraw is granted. *See State v. Johnson*, 09-159 (La.App. 3 Cir. 10/7/09), 20 So.3d 568.

*State v. LeBleu*, 11-1158, pp. 2-3 (La.App. 3 Cir. 5/2/12), 93 So.3d 649, 651-52.

In the present case, the record is quite short. There is no transcript of the guilty plea hearing, but an affidavit from the district court clerk explains that the court's recording equipment malfunctioned and failed to record the proceedings. This is also briefly noted in the minutes of the guilty plea. The affidavit affirms that as part of a plea agreement, Defendant pled guilty to manslaughter, reduced from murder, and the State dismissed the armed robbery charge against him. Further, it indicates that the minutes of the guilty plea are substantially correct regarding Defendant's guilty plea. We note that the minutes of the guilty plea comport with information about the plea set forth during the sentencing hearing and the forms filed in connection with the plea.

The supreme court has stated:

A criminal defendant has a right to a complete transcript of the trial proceedings, particularly where counsel on appeal was not counsel at trial. *U.S. v. Atilus*, 425 F.2d 816 (5 Cir.1970), *citing Hardy v. U.S.*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). The trial judge is duty-bound to see that the court reporter makes a true, complete, and accurate record of the trial. *State v. Landry*, 97-0499 (La.6/29/99), 751 So.2d 214, 216. "[W]here a defendant's attorney is unable, through no fault of his own, to review a substantial portion of the trial record for errors so that he may properly perform his duty as appellate counsel, the interests of justice require that a defendant be afforded a new, fully recorded trial." *Landry*, 751 So.2d at 215, *quoting State v. Ford*, 338 So.2d 107, 110 (La.1976).

*State v. Higginbotham*, 11-564, pp. 5-6 (La. 5/6/11) 60 So.3d 621, 624.

4

In the present case, although the guilty plea transcript is not available, the minutes affirm that Defendant was advised of his rights and pled guilty pursuant to an agreement that was highly favorable to him. Further, the discussion of the facts during sentencing shows that Defendant had criminal culpability in this case. Indeed, he had a "role in setting Mr. Jackson [the victim] up." Thus, the current record provided enough facts for appellate counsel to determine there are no non-frivolous issues to appeal.

The minutes and the district court clerk's affidavit demonstrate that Defendant was present with counsel during all crucial stages of the proceedings. At arraignment, he was present via video. Further, as shown in the minutes of the guilty plea and the plea form filed in connection therewith, he freely and voluntarily entered a guilty plea after being advised of his constitutional rights pursuant to *Boykin v. Alabama*.

The plea agreement included a twenty-year sentencing cap; Defendant ultimately received a fifteen-year sentence. Considering that second degree murder carries a mandatory life sentence and that armed robbery carries a possible ninety-nine year sentence, Defendant benefitted greatly from the plea. He is precluded from appealing the sentence due to the agreed-upon sentencing cap. *State v. Young*, 96-195 (La. 10/15/96), 680 So.2d 1171; La.Code Crim.P. art 881.2(A)(2).

Our review of the record has not revealed any issue which would render an appeal feasible. Therefore, appellate counsel's motion to withdraw is granted.

## DISPOSITION

For the foregoing reasons, the conviction is affirmed and appellate counsel is allowed to withdraw. The Defendant's sentence is amended to delete the

restriction on parole, and the district court is instructed to make a minute entry reflecting the change.

**CONVICTION AFFIRMED. SENTENCE AMENDED. MOTION TO WITHDRAW GRANTED. THE TRIAL COURT IS ORDERED TO MAKE A MINUTE ENTRY REFLECTING THE AMENDMENT OF THE SENTENCE.**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1434

STATE OF LOUISIANA

VERSUS

DARIOUS D. ROGERS


PICKETT, J., concurring.

I agree in all respects with the result reached by the majority in this case, wherein we recognize an error patent, finding the trial court's restriction on parole invalid. Considering that this is a non-frivolous issue affecting the defendant's sentence, I would reject defense counsel's *Anders* brief and do not agree that the motion to withdraw should be granted.